GRAHAM (MASSIE v.).   See Case No. 9,-263.

## Case No. 5,673.

### GRAHAM v. MEYER.

[4 Blatchf. 129;[1] 15 Leg. Int. 25.]

Circuit Court, S. D. New York. Jan. 13, 1858.

TORT—RATIFICATION BY PARTNER—LIS PENDENS.

1. A tort committed by one partner will not bind the partnership or the other copartner, un-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

less it be either authorized or adopted by the firm, or be within the proper scope and business of the partnership.

2. If a conveyance of property be made to a partnership, composed of two persons, as security for a usurious loan of money made by one of the partners, without the knowledge of the other, such loan being made in the state of New York, and such loan and conveyance being unlawful and void by the laws of the state, the loan and conveyance cannot be regarded as within the proper scope and business of the partnership, so as to make the ignorant partner liable, in an action of tort, for the violation of law by his copartner.

3. To make him liable, it must appear that he authorized or ratified the transaction.

4. When a suit in equity and a suit at law are pending between the same parties for the same matter, one cannot be pleaded in abatement or in bar of the other; but the court of equity will sometimes order a stay of proceedings in one, until the other is determined.
[Cited in Seymour v. Malcolm McDonald Lumber Co., 7 C. C. A. 593, 58 Fed. 961.]

5. In this case, the defendant in the suit at law was not a party to the suit in equity, both suits being in this court; and this court denied a motion made by the defendant in the suit at law, to compel the plaintiff to elect which suit to pursue.
[Cited in Seeley v. Missouri K. & T. Ry. Co., 39 Fed. 255.]

This was an action of trover, to recover the value of certain steamships claimed to have been wrongfully converted by the defendant [Lewis H. Meyer] to his own use. The amount demanded as damages was $400,000. An order was made holding the defendant to bail in the sum of $360,000, and he was held for that amount. The plaintiff [John Graham], in his affidavit, upon which the order to hold to bail was founded, set forth the following facts: that the plaintiff, on the 5th of December, 1855, was the owner of the steamships Ocean Bird and St. Lawrence, and of one undivided third part of the steamship United States [or Mexico],[2] all of the value of $400,000; that, on the last-mentioned day, the plaintiff bargained and agreed with the firm of Meyer & Stucken, of which firm the defendant was a member, to loan to the plaintiff $100,000, for the space of four months, for the loan and forbearance of which the plaintiff agreed to give to Meyer & Stucken, and they agreed to receive from the plaintiff, the sum of $20,000; that, to secure them for the proposed loan, the plaintiff conveyed to them the steamships, by bills of sale absolute on their face; that, in pursuance of said agreement, the plaintiff received from them about $80,000; that, although the plaintiff, frequently, before and after the expiration of the four months, offered to pay to Meyer & Stucken the sum so received from them, and the sum so agreed to be paid for the loan and forbearance thereof, and, demanded a reconveyance of said steamships, yet they had refused to reconvey and deliver up the same to the plaintiff, and had converted the

[2] [From 15 Leg. Int. 25.]

same to their own use. A motion was now made by the defendant, to be discharged on common bail, or for a mitigation of the amount for which he was held. The plaintiff had also brought a suit in equity, to which the defendant in this suit was not made a party, against Stucken, (the defendant's partner in said firm of Meyer & Stucken,) and others, to recover said vessels, or the value thereof, and the defendant in this suit now made a motion, to compel the plaintiff to elect whether he would prosecute this suit or such suit in equity, and that, on such election, all proceedings be stayed in the other suit, until the final determination of the suit elected to be prosecuted.

Charles O'Conor, for plaintiff.

James T. Brady and Gilbert Dean, for defendant.

INGERSOLL, District Judge. The transaction out of which this suit arose is said to have taken place in the city of New York; and as, by the laws of the state of New York, all conveyances for the security of a usurious loan of money are absolutely void, and the party making a conveyance of personal property for the security of a usurious loan of money has a right to proceed, in an action of trover, against the party receiving the property as security, if he converts it to his use, it follows, as the defendant is charged in the affidavit with making the usurious loan, with receiving the steamships as a security for such usurious loan, and with refusing to deliver them up to the plaintiff, upon a demand being made for the same, that there is a good cause of action shown in the affidavit; and, if the allegations in the affidavit are true, the plaintiff has a right to require that the defendant be held to bail. An order was thereupon made to hold him to bail; and, as disinterested witnesses swore that the steamships were worth the sum of $360,000, the defendant was ordered to be held to bail in that amount.

The facts upon which the motion now made in respect to bail is founded, admit of little or no doubt. On the 5th of December, 1855, the defendant and one Stucken were in partnership, under the name of Meyer & Stucken. They have ever since been, and now are, in partnership. At the last-mentioned date, the defendant was in Europe. For some considerable time before then he had been in Europe, and he continued to be there from the 5th of December, 1855, to about the middle of October, 1857. On the 5th of December, 1855, Stucken advanced to the plaintiff a sum of money amounting to at least $80,000. On the same day, he took an absolute bill of sale of the ships in question, in the name of Meyer & Stucken, and took possession of the same, with the consent of the plaintiff. The transaction purported to be an absolute sale of the steamships, upon a valuable consideration paid. The plaintiff insists that it was, in reality, a usurious loan of money, and that the ships were transferred as a security merely for such usurious loan of money. Stucken insists that there was no loan, and that the transaction was an absolute sale of the ships, for a valuable and adequate consideration paid. In considering the motion now made, I will assume that the transaction between the plaintiff and Stucken was a usurious loan of money; that the transfer of the steamships was, in reality, merely a security for such loan of money; and that Stucken would be liable to the plaintiff, in action of trover, for the value of the ships. I do this merely for the purposes of this case, and without intending to intimate what, in my opinion, was the true nature of the transaction between the plaintiff and Stucken, as there is no necessity for me to determine what its true nature was, to dispose of the motion now under consideration. The question then is presented—would the defendant, upon this assumption, upon the facts as they now appear, be liable to such action?

The ships were sold by Stucken in the month of May, 1856, for $180,000, he before that having been obliged to pay about $70,000 to satisfy certain liens upon them. Up to the time of the commencement of this suit, the defendant never, to his knowledge, saw the plaintiff, and never personally made any loan of any kind to him, or had any transaction or dealing with him. No demand has ever been made personally on the defendant to deliver the steamships to the plaintiff, or to account for the same to the plaintiff, or to pay the value of the same to him. The defendant was not consulted in reference to the transaction between the plaintiff and Stucken, and the contract between them was negotiated and concluded when the defendant was absent in Europe, and he had no knowledge in reference thereto. The defendant knew nothing of any usurious transactions between the plaintiff and Stucken, if any took place. There is no evidence that, prior to the commencement of the plaintiff's suit, the defendant was ever informed that the plaintiff claimed that the transaction between him and Stucken was a usurious one. The defendant never authorized any usurious transaction between his partner, Stucken, and the plaintiff; and, as he knew nothing of any usurious transaction between the plaintiff and his partner, Stucken, at the time it took place, and, as there is no evidence that he ever was, prior to the commencement of the plaintiff's suit, informed of any such usurious transaction, it cannot with truth be said that he ever ratified any such usurious transaction, if, in point of fact, it ever existed.

What the particular terms were of the articles of copartnership between the defendant and Stucken, does not appear. We know, however, that it was a partnership for a lawful purpose. It is to be presumed, therefore,

that the articles were such as ordinarily exist between partners engaged in lawful business. By such articles, one partner does not authorize the other to engage in unlawful business. The law of New York makes it unlawful to loan money at a usurious rate of interest. The law declares that all conveyances made to secure any usurious loan shall be absolutely void, and that no title shall be transferred by any such conveyance. It also declares, that when the party borrowing goes into a court of equity, to recover back the property conveyed as security for the loan, he shall not be obliged to tender or pay the actual amount received, and that he may ask for equity, without offering to do equity. The transaction, as claimed by the plaintiff, between him and Stucken, was, therefore, an unlawful one, disastrous in its consequences, and highly prejudicial to the interest of the defendant, if he is to be bound by it; and the partnership articles cannot be invoked to authorize Stucken to make the defendant liable for a tort committed by Stucken, either in his own name individually, or in the name of the copartnership.

A tort committed by one partner will not bind the partnership or the other copartner, unless it be either authorized or adopted by the firm, or be within the proper scope and business of the partnership. Story, Partn. § 168. A tort, an act in violation of a particular statute law, and attended with a forfeiture, is not within the proper scope and business of a partnership entered into for lawful purposes. Therefore, to make the defendant liable in an action of tort, for this violation of law on the part of Stucken, it must be made to appear, by some other evidence, that he either authorized it or ratified it. It has already been shown that he never authorized it; and as, up to the time of the commencement of this suit, there is no evidence that he was informed of any violation of law, he could not have ratified any violation of law. Collyer, in his treatise on Partnership, (page 252, Ed. 1854), says, that if one of two bankers in partnership commits usury, the innocent partner should not be liable to an action for penalties or damages. By the laws of New York, a usurious loan is unlawful, and the penalty of the forfeiture of the goods attempted to be conveyed as security therefor, is prescribed as a consequence. Where one having an apparent right to convey personal property executes a conveyance of it to a partnership, and the same is taken possession of by one of two partners, a demand by the true owner having the right of possession, upon one of the copartners, and a refusal by him, is evidence of a conversion by the other copartner. Nisbet v. Patton, 4 Rawle, 120;

Mitchell v. Williams, 4 Hill, 13. But such a demand and refusal is not a conversion by the other copartner. It is only evidence of a conversion, not conclusive evidence, but prima facie merely, which may be rebutted by other evidence; and, when it is rebutted, it will not be effective to show that there has been a conversion by such other copartner.

This view of the motion now under consideration settles the question, that the defendant should not be held to bail, to answer the demand in this suit. An order must, therefore, be entered, vacating the order heretofore made, holding him to bail in the sum of $300,000, and that he ·be discharged on common bail.

In June, 1856, the plaintiff brought his suit in equity against Stucken and other parties, for the recovery of the ships in question, or the value thereof. The defendant was not made a party to that suit in equity. He was out of the country when it was instituted, and could not be served with the subpoena. There was a prayer, however, in the bill, that he might be made a party, should he return to this country. He has never been made a party.

A motion is now made by the defendant, that the plaintiff be compelled to elect which suit to pursue, whether the suit in equity or the suit at law; and that all proceedings in the other be stayed, until the final determination of the suit elected to be pursued. When a suit in equity and a suit at law are pending between the same parties, for the same matter, cause and thing, one cannot be pleaded in bar or in abatement of the other. But, notwithstanding this, the court of equity will sometimes order a stay of proceedings in one, until the other is determined.

The defendant in this suit is not a party to the suit in equity. His interest cannot be affected by the determination in that suit. A determination against the plaintiff in that suit will not deprive him of the right to pursue the defendant in this. The determination in that case can have no effect upon this. The motion to compel the plaintiff to elect which suit to pursue, and that the proceedings in the other may be· stayed, must, therefore, be denied.

[The proceedings upon the bill in equity were heard before Nelson, Circuit Justice, and relief was decreed the plaintiff in the sum of $200,000, with interest. Case No. 5,675. During the progress of these proceedings a writ of ne exeat was applied for against Stucken, but refused. Id. 5,677.]

GRAHAM (MORGAN v.). See Case No. 9,-801.

GRAHAM (PEARPOINT v.). See Case No. 10,877.