Julius Wagner *v.* George E. Haak, Frank Aulenbach (Appellant), Calvin Epler, Samuel Kupp, James Davis and Jacob Epler.

*Assault and battery—Conspiracy—Evidence.*

In an action to recover damages for assault and battery the case should not be submitted to the jury, where the evidence shows that the assault was committed by three persons who had leased a quarry from the defendant, that plaintiff had constructed a fence across a right of way leading from the quarry, and that defendant had told his lessees to take the fence down, and that he would stand by them.   The words used by defendant did not warrant an implication on the part of the lessees, or on the part of the jury, of an instruction to commit assault and battery.

*Evidence—Conspiracy—Declarations.*

The declarations of a co-conspirator are evidence against the others, only so long as the conspiracy continues; if made afterwards they are not evidence.

Argued March 4, 1895.   Appeal, No. 204, Jan. T., 1894, by defendant, Frank Aulenbach, from judgment of C. P. Berks Co., Feb. T., 1893, No. 39, on verdict for plaintiff.   Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for assault and battery.   Before ERMENTROUT, P. J.
The facts appear by the opinion of the Supreme Court.

When Henry T. Wentzel, a witness for plaintiff, was on the stand, he was asked this question:

Mr. Ruhl: " Q. I asked Mr. Epler this morning, when upon the stand, whether.he said in your presence at that hearing that he had been told by Mr. Aulenbach and Mr. Haak to break down this fence and go through, whatever might happen, and he said that no such conversation, nothing of that kind was said at the hearing before you.   State how that is."

Mr. Jacobs: " Objected to because it would not be evidence as against Mr. Haak or Mr. Aulenbach, they not being present, and the proposition does not embody any such statement that they were present."

Mr. Ruhl: "It is offered for the purpose of contradicting Mr. Epler."

Mr. Jacobs: " It could only go to the credibility of Mr. Epler alone, and as this suit is being tried against the whole of these people, it cannot be admitted. Objected to, further, for the reason that it is irrelevant, because the plaintiff in his testimony has stated that he constructed this fence across the street, and the plaintiff, thus far, has not shown title to the ground over which this fence was constructed, and it would be the contradiction of Mr. Epler upon an entirely irrelevant matter."

Mr. Ruhl: " This to be followed by evidence that the plaintiff had title."

The Court: " Question admitted. Exception for defendant. Bill sealed."

"A. Well, it was said in my office they were to go through and knock it down. Q. Who said that? A. Old man Epler. Q. Give us his exact words, as near as you can. A. He said that he was ordered to go through and tear the fence down, no matter what the costs, that they would stand by him, Haak and Aulenbach." [1]

Defendant's point was as follows: " Under all the evidence in the case the plaintiff cannot recover against Frank Aulenbach, one of the defendants. *Answer:* Negatived." [2]

Verdict and judgment for plaintiff against Frank Aulenbach, Calvin Epler, Samuel Kupp and Jacob Epler for $380. Frank Aulenbach appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2) above instructions, quoting them.

*H. P. Keiser* and *J. H. Jacobs, Samuel N. Potteiger* with them, for appellant.—After the accomplishment or abandonment of the common enterprise, no declaration of one conspirator will affect another, and should be excluded as to the latter: 4 Am. & Eng. Ency. of Law, 633; People v. Parker, 11 West. Rep. 182; Legg v. Olney, 1 Den. (N. Y.) 202; 1 Taylor on Evidence, 525, 530.

*C. H. Ruhl* of *Ermentrout & Ruhl, J. K. Grant* with him, for appellee.—The party against whom a witness is produced has a right to show everything which may in the slightest degree affect his credit: Cameron v. Montgomery, 13 S. & R. 132; Batdorff v. Farmers' Bank, 61 Pa. 183; Magehan v. Thompson, 9 W. & S. 54.

In the case of Franz v. Lenhart, 56 Pa. 365, it is held that those who aid or abet a battery are equally liable in trespass as the actual perpetrators: McCloskey v. Powell, 123 Pa. 74.

In a common law action every disputed fact must be determined by a jury and not by the judge: Wilson v. Steamboat Tuscarorra, 25 Pa. 317; Com. v. McDowell, 86 Pa. 377.

Where there is evidence justifying an inference of a disputed fact it must be submitted to the jury: Reno v. Moss, 120 Pa. 49; Patterson v. Dushane, 115 Pa. 334; School Furniture Co. v. Warsaw School District, 122 Pa. 501.

OPINION BY MR. JUSTICE DEAN, October 7, 1895:

On the 9th of May, 1892, Julius Wagner, the plaintiff, was assaulted and severely beaten by Samuel Kupp and Calvin and Jacob Epler. Wagner averred the beating was the consummation of a conspiracy between Aulenbach, the defendant, and others. Wagner was a contractor and builder, and had erected a large number of houses at the outskirts of the city of Reading, next to the Neversink mountain; sand for building purposes was obtained by him and other builders from a bank or quarry at the foot of the mountain; in hauling it to the buildings, the teams usually went by way of Thirteenth street; Aulenbach had leased the sand bank from the Haak estate, the owner; he in turn leased it to Epler and Davis, who on the day of the assault were operating it; Epler and Davis, in getting to Thirteenth street, used a roadway over open fields, and which passed near some of Wagner's houses; the roadway was owned by Wagner, but for some time before Epler and Davis had been using it with their teams to get into Thirteenth street; Wagner had objected to this, and denied their right, but this, not stopping them, he erected a fence across the way; on the day of the assault the two Eplers and one Kupp drove their teams over the way until stopped by the fence; they then with axes cut it down; Wagner, in trying to prevent them, received at their

hands a severe beating; Aulenbach did not actively participate in cutting down the fence, or in beating Wagner,—in fact, was not present. The plaintiff alleged the tearing down of the fence and the beating were in pursuance of instructions by Aulenbach to those who did both, therefore their joinder of him in the action for damages. Aulenbach denied any connection with the unlawful acts of the others. The court, being of the opinion there was evidence tending to establish answerability for the assault as against Aulenbach, submitted it to the jury, who found for the plaintiff as against Aulenbach, Kupp and the two Eplers, in the sum of $380 damages. From the judgment entered on this verdict Aulenbach appeals, assigning two errors; the first, to permitting the alderman to testify that at the preliminary hearing before him, one of the Eplers had admitted that Aulenbach told him to tear down the fence, no matter what it cost; the second, to the denial by the court of defendant's second point, which was that: " Under all the evidence in the case, the plaintiff cannot recover against Frank Aulenbach, one of defendants."

There is no copy of plaintiff's statement printed in either of the paper-books, but we infer, from the course of the trial and charge of the court, the action was solely for damages to the person of plaintiff, resulting from the beating. The last words of the charge to the jury are: " If you ascertain there was no assault and battery, why of course the verdict will be for defendants. If you ascertain there was an assault and battery, under the instructions I have given you, then you will proceed to assess the damages as I have indicated." So plaintiff's claim, distinctly, was for damages for the battery; nothing was claimed for tearing down his fence. It was conceded at the trial that Aulenbach was not present, but plaintiff alleged he directed the Eplers and Kupp to do what they did. No one questions the elementary rule that he who directs or procures a trespass or misdemeanor to be committed is answerable with those who actually commit it; but here were two distinct acts, either or both of which may have been wrongful: 1. The chopping and tearing down of the fence. 2. The assault upon Wagner. If the fence were lawfully put there by Wagner, as he claimed, it was a trespass to tear it down; if it were an unlawful obstruction of Aulenbach's way, as he claimed, he

had a right to remove it; and the beating might have been unlawful, whether the fence was rightfully or wrongfully there; if rightfully, they could not beat Wagner before removing it, to disable him from interference; nor after removing it, in revenge for his interference; nor, if wrongfully there, could they use excessive force and violence while in the act of removing it. Unless Aulenbach directed the unlawful act, the beating here complained of, or such direction can be reasonably implied from his directions to remove the fence, there was no evidence from which the jury could find him answerable in damages.

After a careful perusal of the testimony in the paper-books, we fail to find anything which would warrant a belief that Aulenbach advised an assault upon Wagner, or which would warrant an implied direction to assault any one. He lived on Perkiomen avenue, not near the point in dispute; when the Eplers were stopped by the fence, Jacob Epler and Kupp went to Aulenbach's residence, and told him of the obstruction; Aulenbach went immediately to see Morris, a representative of Haak, from whom he had leased the quarry; he soon returned, and told Epler that Morris said they should move the fence away the best they could. Kupp stated that Aulenbach told him that Morris said they should tear the fence down. · The testimony of Wentzel as to the declaration of Epler at the hearing, that Aulenbach told them to take it down and he would stand by them, was admissible, only in so far as it tended to contradict Epler; it was inadmissible, as direct evidence against Aulenbach, because made at the hearing in the magistrate's office, three days after the consummation of the alleged conspiracy. The declarations of a coconspirator are evidence against the others, only as long as the conspiracy continues; if made afterwards as were these, they are not evidence: Wharton's Law of Evidence, sections 1205, 1206, and notes. But even if admissible to sustain the charge directly against Aulenbach, they are no more significant than the testimony of the other witnesses. Wentzel states that Epler said " he was ordered to go through and tear the fence down, no matter what the costs,—that he would stand by him." Aulenbach testifies positively that all the instruction he gave was that Morris said they could drive through, that Wagner had

no right to put the fence there.  But, take his instruction in the most favorable view to the plaintiff any of the evidence warrants, it was nothing more than to tear down the fence, and he would stand by them; this was in the belief of a right to do so; but whether this belief was well or ill founded, it would warrant no implication on the part of Epler and Kupp, or on part of the jury, of instruction to commit assault and battery. The removal of the fence might be a trespass, and the language plainly implied that if it turned out to be so Aulenbach would stand by them; in other words, would save them harmless; and this is the most it did imply.

The defendant's second point should have been affirmed, and the jury instructed the evidence did not warrant a verdict against Aulenbach.

What we have said also disposes of appellant's second assignment of error.  The judgment is reversed as to Frank Aulenbach.