## Miller, Appellant, *v.* Harvey.

215
1 36 SC 103
589

*Trespass—Conspiracy—Evidence—School law.*

In an action by a public school teacher against the president of a board of school directors to recover damages for the loss of plaintiff's position in a school as the result of an alleged unlawful conspiracy of defendant with others, the plaintiff cannot recover where it appears from her own testi-

mony that charges against her were made by teachers in the school to the defendant in his official capacity as president of the school board, that after investigation he communicated these charges to other members of the board, and with them made further investigations, and acting together, the directors requested plaintiff's resignation.

Argued March 23, 1906. Appeal, No. 21, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1902, No. 1,571, for defendant non obstante veredicto in case of Anna Bell Miller v. Charles H. Harvey. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Trespass to recovery damages for alleged unlawful conspiracy to injure plaintiff. Before RALSTON, J.

The opinion of the Supreme Court sufficiently states the case.

Verdict for plaintiff for $14,960. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Anna B. Miller*, P. P.

*Ulysses S. Koons*, with him *Henry E. Lallou, Jr.*, and *W. H. G. Gould*, for appellee.

OPINION BY MR. JUSTICE FELL, April 30, 1906 :

This action is based on the allegation of a conspiracy to injure the plaintiff's reputation and to deprive her of her means of livelihood. It is alleged in the declaration that the defendant was the president of a board of school directors who had charge of a public school of which the plaintiff was the supervising principal, and that he unlawfully conspired with others to deprive her of her situation in the school by means of false accusations affecting her personal and professional reputation. The learned trial judge was of opinion that there was not sufficient evidence to warrant a recovery by the plaintiff, but submitted the case to the jury and reserved for more careful consideration than could be given it at the trial the question whether there was any evidence that would entitle the plaintiff

to recover.  Judgment was entered by the court in banc for the defendant non obstante veredicto.

The only conclusion possible from the testimony is that the action of the court in entering judgment for the defendant was free from error.  The plaintiff did not sustain her action.  It was established by her own testimony that the charges against her were made by teachers in the school to the defendant in his official capacity as president of the school board, that after investigation he communicated these charges to other members of the board and with them made further investigations, and acting together the directors requested her resignation.  The truth of these charges was not in issue at the trial, and whether they were true or false is wholly unimportant to the decision of the question raised.  The plaintiff's case could not be made out by proof that they were false without the further proof that the defendant conspired to originate or circulate them with a knowledge of their falsity.  The defendant did not originate these charges; they were brought to him under circumstances that made it his imperative duty to communicate them to his fellow members of the board and to investigate them.  There is not the slightest evidence that in doing these things he acted in collusion with anyone or in bad faith.  If in the course of the investigation there was injustice done the plaintiff in not giving her a full hearing, for this or for errors of judgment in reaching a conclusion the defendant is not answerable.  If there was an actionable wrong done the plaintiff, it was done by those who originated the charges and brought them to the defendant.

The judgment is affirmed.