# Green *v.* Kiefer, Appellant.

*Conspiracy—Evidence—Concerted action—Declarations.*

In an action based on an alleged conspiracy of the defendants to charge the plaintiff with having written an anonymous letter containing charges of dishonesty and embezzlement, a verdict for plaintiff cannot be sustained where there is nothing in the record to show any concerted action among the defendants, or any combination with others, nor individual action on the part of any of them to injure the plaintiff.

While the declarations of conspirators are evidence against the others, they are so only after the fact of conspiracy has been proved, and during the time it continues, but if made after the conspiracy has been dissolved, they are not evidence.

Argued April 27, 1908. Appeal, No. 93, April T., 1908, by defendants, from judgment of C. P. No. 1, Allegheny Co., March T., 1904, No. 401, on verdict for plaintiff in case of C. A. Green v. Annie G. Kiefer et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass for conspiracy. Before MacFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for six and one-fourth cents. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Chas. T. Moore*, with him *W. J. Brennen* and *George H. Quaill*, for appellant.

*Thomas M. Marshall, Jr.*, with him *L. K. Porter*, for appellee.

OPINION BY ORLADY, J., July 15, 1908.

This action of trespass is based on an allegation of a false and malicious conspiracy on the part of the defendants, charg-ing the plaintiff with having written a letter to the first-named defendant, and accusing her of dishonesty and embezzlement. It is alleged that the defendants acted severally and jointly in charging the plaintiff with writing the letter in order to injure the plaintiff's reputation and good name among her associates.

The parties to this action, with some twenty others, were members of a Friday afternoon euchre club, which met at the homes of the various members to play cards and be otherwise entertained. The verdict is for six and one-fourth cents, and the parties have indulged in the luxury of this litigation with-out accomplishing any definite end, and there is no evidence within the record on which it can be sustained.

A malicious, anonymous letter was sent to Mrs. Kiefer, in which the general conduct of the club and her particular man-agement of one of its meetings, were involved. Naturally all were indignant and insisted on an investigation. A palmist and a writing expert were suggested. Three of the ladies con-sulted the postoffice authorities, and were referred to an ex-pert, who gave a written opinion in which he stated that the anonymous letter was written by the same person who wrote two other letters presented to him at the same time. This report was read by some and talked about by others. The anxiety to locate the author was so intense that a number of

the members insisted that Mrs. Kiefer should have it investigated if it took every dollar she had, and pledged themselves to stand by her without regard to cost.

After consulting an attorney, they were advised to let the matter drop and have nothing further to say about it, and were especially warned not to discuss the question inasmuch as it was dangerous ground. It is stated, without any contradiction, that this advice was followed by the three defendants, and there is nowhere in the record anything to show any concerted action among the three, or any combination with others, nor individual action on the part of any of them, to injure the plaintiff. The common gossip of the card party was the individual expression of each, without regard to what any of the associate members said or did. There is an entire lack of the element of conspiracy in the record. The defendants did not originate the charge, and what they did was pursuant to the request of the members of the club, including the plaintiff, to make an investigation of the facts, and there is not the slightest evidence that in doing these things, they acted in bad faith. No conspiracy having been shown, it is not material what the members of the club said to and of each other.

While the declarations of conspirators are evidence against the others, they are so only after the fact of conspiracy has been proved, and during the time it continues, but if made after the conspiracy has been dissolved, they are not evidence: Wagner v. Aulenback, 170 Pa. 495; Miller v. Harvey, 215 Pa. 103.

It is not necessary to pursue the case further. The second assignment of error is sustained and the judgment is reversed.