# Commonwealth v. Dibella et al., Appellants (No. 1).

*Criminal law—Conspiracy—Declarations of conspirators — Admissibility.*

While the declarations of one of several conspirators are evidence against the others, they are so only after the fact of conspiracy has been proved and during the time it continues. If made after the conspiracy has been dissolved, they are not evidence.

Where the offense charged was a joint one and the defendants were indicted together, the Commonwealth was entitled to prove the declaration of one of the conspirators, only as evidence against the one making it. It should have been offered for this limited purpose only, and it was incumbent on the trial judge, to explain clearly to the jury that it could be considered by them, solely for the purpose of determining the guilt or innocence of that particular defendant.

*Criminal procedure—Indictment for conspiracy—Declarations of one conspirator—Admissibility against party making declarations.*

Where the declarations of one conspirator are wrongfully admitted for the purpose of establishing the guilt of all the parties

to the conspiracy, the defendant making the declarations has no cause for complaint because of the admission of such evidence. His own declarations in the nature of admission of guilt would always be competent evidence against him, and he is in no position to reap any advantage from the fact that the trial court made a mistake, in the admission of evidence against his codefendants, which is not competent to affect them.

Argued May 8, 1919.    Appeal, No. 93, April T., 1919, by Samuel Dibella, from judgment of Q. S. Allegheny Co., Jan. Sess., 1917, No. 241, on verdict of guilty in the case of Commonwealth v. Samuel Dibella, Orazio Leone and Nicola Gentile. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Indictment for conspiracy to cheat and defraud creditors. Before BALDWIN, J., specially presiding.

The facts appear in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendants appealed.

*Errors assigned,* among others, were various rulings on evidence referred to in the opinion of the Superior Court and refusal to grant a new trial.

*W. H. Coleman,* for appellants.—The declarations of a conspirator after the completion of the conspiracy were inadmissible: Commonwealth v. Zuern, 16 Pa. Superior Ct. 588; Green v. Kiefer, 36 Pa. Superior Ct. 587; Heine v. Commonwealth, 91 Pa. 146; Wagner v. Aulenbach, 170 Pa. 495; Marshall v. Faddis, 199 Pa. 397.

*Homer N. Young,* Assistant District Attorney, and with him *Harry H. Rowand,* District Attorney, and *Leonard S. Levin,* for appellee.

OPINION BY HEAD, J., July 17, 1919:

The defendants were indicted, tried and convicted of the offense of conspiring together to cheat and defraud

certain of their creditors. The alleged conspiracy is charged to have been entered into in December, 1916. The defendants were partners engaged in mercantile business. During about two weeks of the month named they made unusually large purchases of the commodities in which they dealt which were delivered to them at their place of business. The goods were all bought on credit. During the period named they were all sold, the purchase-price thereof was received by the defendants who applied no part of it to the payment of the creditors who had sold and delivered the goods. When representatives of the creditors came to the defendants' place of business to make collections or inquiries, they found the store practically empty and but little of value on hand. Shortly after the defendants were declared involuntarily bankrupts.

On the trial, in May, 1918, the Commonwealth offered to prove by a witness on the stand a declaration made by one of the defendants just before the trial, which was in substance an admission that a wrong had been done a year and a half before, and that the declarant and one of his partners had been induced to enter into the plan by the solicitations of the remaining partner. The declaration was alleged to have been made by Dibella, this appellant, in the absence of his two partners who would be affected thereby and without their knowledge. The offer was objected to on the ground that the conspiracy, if one existed, had been completed long before the making of the alleged declaration which was therefore nothing more than a narrative of past events, and that under such circumstances the declaration of one conspirator was no longer competent to affect the others. The learned trial judge admitted the offer generally, as it was made. He also referred to that testimony in his charge to the jury without in any way qualifying or limiting its effect. In this we think he fell into error.

In Green v. Kiefer, 36 Pa. Superior Ct. 587, the rule that has been universally recognized by textwriters and

courts is thus stated by our Brother ORLADY: "While the declarations of conspirators are evidence against the others, they are so only after the fact of conspiracy has been proved, and during the time it continues, but if made after the conspiracy has been dissolved, they are not evidence: Wagner v. Aulenback, 170 Pa. 495; Miller v. Harvey, 215 Pa. 103."

As the offense charged was a joint one and the defendants were tried together, the Commonwealth was entitled to prove the declaration complained of only as evidence against the person making it. It should have been offered only for this limited purpose, and so admitted. It was incumbent on the learned trial judge to explain clearly to the jury that it could be considered by them only for the purpose of determining the guilt or innocence of the party making it. As to the remaining defendants, it was not to be considered as part of the evidence, and the verdict as to their guilt or innocence must rest on the state of the proof outside the declaration complained of.

We are urged by the learned district attorney to affirm the judgment on the ground it was the duty of the defendant to see that the effect of the admission of the evidence was restricted to the defendant against whom it was competent and to specially pray for instructions to the jury that would guard the remaining defendants against its injurious effects. We think this was placing a burden upon the defendants they were not called upon to bear. The offer to prove the declaration was general and rested on the broad basis that it was a declaration by one conspirator and therefore binding upon all who had been engaged in the common design. As we have said, the learned trial judge admitted the offer on that basis and in his charge treated the evidence as if it were effective against all of the defendants.

However clear then it may be that the evidence referred to was wrongly admitted, the appellant in this case who made the declaration has no just cause of complaint because of the action of the learned court below. His own

declarations, in the nature of admission of guilt, would always be competent evidence against him. He is in no position to reap any advantage from the fact that the trial court made a mistake in the admission of evidence against his codefendants which was not competent to affect them. This appeal is therefore without merit.

We have a separate appeal by each one of the defendants. Although they were indicted in one bill, tried together, and their appeals argued on one set of paperbooks, nevertheless each one is entitled to a separate judgment on his own appeal according as the same may be determined to have substantial merit or otherwise. For the reasons we have given we feel bound to reverse the judgments in the appeal of Leone, No. 94, April Term, 1919, and Gentile, No. 95, of the same term while we affirm the judgment in the appeal of Dibella at No. 93, April Term, 1919.

The judgment is affirmed and it is ordered that the defendant, Samuel Dibella, appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.