## Polis, Appellant, *v.* Heizmann et al., Appellants.

*Partnership—Tort of partner—Liability of other parties—Piggery.*

1, A tort committed by one partner will not bind the partnership or the other copartner, unless it be either authorized or adopted by the firm, or be within the proper scope and business of the partnership.

2. Knocking a man down with the fist, and then again with an automobile, both done wilfully by one of two partners in a piggery, cannot be said to come within the scope of the business of raising pigs.

3. The act of the offending partner in going to the piggery to remove some lumber was within the scope of the firm's business, but the assault committed by him was not, and for that he alone was liable.

*Practice, C. P.—Parties—Joint tort—Nonsuit.*

4. Where two are charged jointly with a tort there must be a recovery against both or neither.

5. If one of the defendants is shown not to have participated in the tort, nor been present and failed to protest, a nonsuit is properly entered in favor of both.

Argued January 9, 1923. Appeal, No. 90, Jan. T., 1923, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1917, No. 3674, refusing to take off nonsuit, in case of Frederick Polis v. Frederick Heizmann et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before MARTIN, P. J. Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned,* inter alia, was refusal to take off nonsuit, quoting record.

*Albert S. Longbottom,* with him *G. Lawrence Pape* and *Robert J. Byron,* for appellant, cited: Reiter v. Fruh, 150 Pa. 623; Theil v. Wolfe, 77 Pa. Superior Ct. 312; McKnight v. Hatcliff, 44 Pa. 156; Schollenberger v. Seldonridge, 49 Pa. 83; Rhodes v. Terheyden, 272 Pa. 397.

*William T. Connor,* with him *John R. K. Scott,* for appellees, cited: McKnight v. Radcliff, 44 Pa. 156.

OPINION BY MR. JUSTICE WALLING, January 29, 1923:

In the summer of 1917 Frederick Polis, the plaintiff, was the owner of a small farm in an outlying district of Philadelphia, a part of which he leased as a piggery to the defendants, Frederick Heizmann and Ernest Heiz-

mann, brothers, and partners in the business. Later, however, the city authorities prevented the use of the place for such purpose; thereupon, Frederick Heizmann went to the premises to remove some lumber, and, in an altercation over his right to do so, wilfully and intentionally struck and injured the plaintiff, who brought this suit against both defendants for the injury so sustained. Ernest Heizmann was not present at the assault, and neither authorized nor ratified it; for which reason the trial judge granted a compulsory nonsuit, and the refusal to take it off forms the basis of this appeal by plaintiff.

The action of the court below was right. Where two are charged jointly with a tort there must be a recovery against both or neither: Goodman v. Coal Township, 206 Pa. 621; Wiest v. Electric Traction Company, 200 Pa. 148. True, in such case the record may be amended by striking out the name of a defendant (Sturzebecker v. Inland T. Co., 211 Pa. 156; Rowland v. Philadelphia, 202 Pa. 50; Minnich v. Electric Railway Co., 203 Pa. 632), but no request for that purpose was made here; as the proof failed to show a joint tort, the nonsuit was properly granted.

We cannot sustain plaintiff's contention that the absent partner was liable for the tort committed by the other; that would be so in some cases but not in this. The injury here is charged and shown to have been maliciously and wantonly inflicted by wilful and intentional violence—in extent and character such as would constitute the crime of aggravated assault and battery. A partnership relation in a lawful enterprise will not render one partner liable for the intentional criminal act of another. The liability of the absent partner is based on the theory of agency; but an agent's wanton criminal act will not bind his principal. The true rule is that, "A tort committed by one partner will not bind the partnership or the other copartner, unless it be either authorized or adopted by the firm, or be within the proper

scope and business of the partnership": 38 Cyc. 481. Knocking a man down, as in this case, with the fist and then again with an automobile, both done wilfully, cannot be said to come within the scope of the business of raising pigs. The principle is well stated in Rowley's Modern Law of Partnership, vol. 1, section 512, as follows: "A somewhat peculiar situation arises when the torts complained of are wilful and malicious on the part of the offending partner. It will be remembered that the wrongful act, in order to give the party injured a right of action on account of partnership relation, must have been done......within the scope of the partnership authority, or at least apparent authority. Hence, as wilful and malicious torts are not within the usual scope of partnership authority, partners will usually be relieved from liability for such acts by their copartner." Analogous to the instant case is Titcomb v. James, 57 Ill. App. 296, 306, 307, where it is held: "The agency of a partner extends to forwarding the interests of the firm in the ordinary and usual manner, and does not extend to the doing of wanton, malicious or cruel acts, when such is not the ordinary or usual course employed by the firm......In general, acts or omissions in the course of the partnership trade or business, in violation of law, will implicate those only who are guilty of them, and a wilful tort of one partner is not, in and by force of the partnership alone, imputable to the firm": see also Grund et al. v. Van Vleck, 69 Ill. 378; Graham v. Meyer, 4 Blatchf. 129. "A necessary foundation for the liability of partners for the tortious act of a copartner is that the act shall be performed in the line of the copartnership business and if the injury results from a wanton or wilful act of one of the parties committed outside of the agency or common business, then the person doing the act and causing the injury is alone responsible": 20 R. C. L., p. 914, section 126; and see Cooley on Torts (3d ed.) p. 253. In McKnight v. Ratcliff, 44 Pa. 156, Mr. Justice THOMPSON, after stating the general rule that a firm is

liable for the trespass committed by one of its members in the legitimate conduct of the partnership business, adds (p. 165) : "If wantonly and mischievously done, I grant that a different rule would apply, because the act would in no sense be within the scope of the employment, and it is because the trespass is within the scope of the employment that the master or members of a firm are answerable." While here the act of the offending partner in going for the lumber was within the scope of the firm's business, the vicious assault committed by him was not, and for that he alone was liable: see Wagner v. Aulenbach, 170 Pa. 495. The case is different where the master or partner, sought to be charged, was present at the assault and failed to protest: see Williams v. F. & W. Grand Stores, Inc., 273 Pa. 131.

Plaintiff urges no claim here for a negligent injury; he could sustain none because of his own negligence in stubbornly standing in front of the approaching auto-truck.

As our conclusion on the main question is fatal to plaintiff's case, it is unnecessary to pass upon the minor questions.

The judgment is affirmed.