[No. 19448. Department One. December 1, 1925.]

GEORGE DULCHEVSKY, *Appellant*, v. JOSEPH SOLOMON et al., *Respondents*.[1]

APPEAL (406)—NEW TRIAL—GROUNDS—ORDER DISPOSING OF MOTION. A general order granting a new trial will not be disturbed on appeal, notwithstanding a prior memorandum of the trial judge that his instructions were erroneous; especially where a verdict against two defendants had been set aside as to one and a new trial granted to the other.

PARTNERSHIP (40)—RIGHTS AND LIABILITIES AS TO THIRD PARTIES —WRONGFUL ACTS—ASSAULT ON CUSTOMER IN STORE. In an action against partners in a mercantile business, for an assault committed by one partner in ejecting a customer from the store, it is error to instruct that both partners would be liable, if the offending partner was acting in the discharge of his duties and within the scope of the partnership business and in so doing wantonly or maliciously injured the plaintiff; since he had a right to eject a customer if he refused to leave on request, using no more force than necessary, and both partners would be liable if force was used when unnecessary; but the absent partner would not be liable for an intentional crime and malicious injury, unless authorized by him.

SAME (40). In an action against partners for an assault by one partner upon a customer in their store, it is error to dismiss the action as to the other partner, where there was evidence that he was present during the assault and did not say or do anything.

Appeal from a judgment of the superior court for King county, Wilson, J., entered March 7, 1925, grant-

[1]Reported in 241 Pac. 19.

ing a new trial as to one defendant, and dismissing as to the other, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed as to the dismissal of the cause, and affirmed as to the granting of a new trial.

*Thomas J. Casey* and *Morris & Dubuar*, for appellant.

*Robbins & Rickles*, for respondents.

HOLCOMB, J.—Respondents are co-partners engaged in a retail business in Seattle. They own two stores, one of which is conducted by Joseph Solomon and the other by Morris Solomon. In the second amended complaint, appellant alleged that, on December 12, 1922, he called at the store conducted by Joseph Solomon to look at overcoats. After spending some time in the store, he could not decide to purchase a coat, and started to depart peaceably from the store. Up to that time, there had been no quarrel or indication of any trouble. Suddenly, without cause or provocation, respondent Joseph Solomon shut the door to prevent appellant from leaving and then wantonly and maliciously assaulted him.

The pleadings and evidence of appellant are to the effect that the assault was unjustified, willful, and malicious. There had been another man with appellant in the store until just before the assault, when he went outside. About five minutes later, appellant came out of the store and told him that he (appellant) had been kicked. According to Joseph Solomon and his salesclerk, Joseph Solomon told appellant that he did not want to buy any overcoat, and opened the door to let him out, and he thereupon walked out; that there was no abusive language used by Joseph to appellant or any controversy of any kind, and no assault commit-

ted. According to appellant, Joseph Solomon shut the door to prevent him from leaving, called him bad names, held him with one hand and kicked him three times; that he then opened the door and kicked appellant outside.

Respondents answered the amended complaint separately, Morris Solomon defending upon the ground that, if any assault was committed, it was not authorized by him as one of the co-partners; admitted that Joseph Solomon was in charge of the store for the purpose only of selling merchandise to customers, and denied the other allegations of the complaint, upon information and belief. Joseph Solomon answered, denying each and every allegation in the complaint, except that he was engaged in selling merchandise to customers, and denied that he was authorized by his co-partner and co-defendant to remove any person from the store, or to assault or permit an assault upon anyone.

The trial court gave the following instructions, which were excepted to by Morris Solomon only:

"(5) If you find by a fair preponderance of the evidence that said claim of plaintiff is true, and that plaintiff was assaulted in the manner and under the circumstances alleged in the second amended complaint by the said defendant who was then in charge of said store, if you so find, and that said defendant was then acting as the agent for his co-defendant and within the scope of his duties, and that the plaintiff was damaged thereby, you are instructed to return a verdict in favor of plaintiff against both defendants."

"(6) When a partner is sued for an alleged assault and battery by the other partner upon a third person, liability of the first partner must depend upon an express direction, or upon such facts and circumstances as will imply direction, or authority, and this inference may be drawn by a jury from competent at-

tending facts and circumstances; and if a partner is engaged in the discharge of his duties as a partner and is acting for the betterment and wellbeing of the partnership business and within the scope thereof and, in so doing, wantonly or maliciously injures another, both partners are liable, if one is liable.''

The jury rendered a verdict against both respondents; both of them moved for judgment n. o. v. and, in the alternative, for a new trial, on five statutory grounds. The court granted the motion of Morris Solomon for judgment n. o. v., and the motion of Joseph Solomon for a new trial. The order granting a new trial is general.

Appellant contends that the order granting a new trial was based solely upon the ground of erroneous instructions five and six as to Joseph Solomon, and that such ruling is shown by the memorandum opinion of the trial judge by way of a letter, which is incorporated in the statement of facts as is now authorized by our rule.

Notwithstanding the memorandum of the trial judge, that his instructions were erroneous, defining the liability of the partnership for the tort committed by one of the partners, and that the effect of the error was prejudicial to Joseph Solomon, the order was general. The letter was dated March 3, 1925, while the order was not entered until March 7, 1925.

It has become finally established in this state that a general order, such as was made here granting a new trial, will not be set aside because of the fact that the trial judge is supposed to have granted the new trial upon the ground of an error of law. *Morehouse v. Everett, ante* p. 112, 238 Pac. 897. Appellant contends that the above case is wrong, but we are content with it, and the question is not open. In any event, in such a situation as that presented here, we would be

slow to hold that the trial judge abused his discretion in granting a new trial to one of two co-defendants when a verdict had been rendered against both and set aside as to one. We shall, therefore, not review the order granting the motion for a new trial as to respondent Joseph Solomon.

The question of the liability of a partner who did not participate in the unlawful assault is very extensively argued by both parties. Appellant insists that the ordinary principles applying to the liability of principal and agent, or master and servant, for torts committed by an agent or servant are applicable, and those only; citing many cases. Respondents insist that there is and should be a distinction between the liability of a master or principal and the liability of a partner who did not authorize, or was not present, at the commission of the tort.

As to the liability of a master or principal for the acts of a servant or agent, appellant relies upon the following decisions by this court: *Dixon v. Northern Pacific R. Co.,* 37 Wash. 310, 79 Pac. 943, 107 Am. St. 810; *DeLeon v. Doyhof Fish Products Co.,* 104 Wash. 337, 176 Pac. 355; and *Perry v. Beverage,* 121 Wash. 652, 209 Pac. 1102, 214 Pac. 146; and, also, upon the following cases and authorities: 2 C. J. 854; 18 R. C. L. 786; 20 R. C. L. 882 and 914; 30 Cyc. 478; *Page v. Citizens' Banking Co.,* 111 Ga. 73, 36 S. E. 418, 51 L. R. A. 463, and notes.

Respondents cite many texts and authorities to the effect that the authority of a partner to bind his co-partner is based solely on agency. This agency is, however, only for the prosecution of business in the ordinary way, and within the scope of the business of the firm. That the act of a partner which is not apparently in the carrying on of the business in the usual way does not bind the partnership unless authorized by the other

partners. Rowley, Modern Law of Partnership, §§ 411 and 514; 38 Cyc. 481; Cooley on Torts (3d ed.), p. 253; *Woodling v. Knickerbocker*, 31 Minn. 268, 17 N. W. 387; *Bernheimer v. Becker*, 102 Md. 250, 62 Atl. 526, 3 L. R. A. (N. S.) 222; *Rosenkrans v. Barker*, 115 Ill. 831, 3 N. E. 93; *Grund v. Van Vleck*, 69 Ill. 478; *Gilbert v. Emmons*, 42 Ill. 143; *Kirk v. Garrett*, 84 Md. 383, 35 Atl. 1089; *Marks v. Hastings*, 101 Ala. 165, 13 South. 297; *Polis v. Heizmann*, 276 Pa. St. 315, 120 Atl. 269, and *Noblett v. Bartsch*, 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886.

In the last cited case, we said:

"The court refused to charge the jury to the effect that one partner is liable for a malicious prosecution instituted by his co-partner, unless he advises, directs, or participates therein, even though the prosecution be purported to be instituted for some wrongful or criminal act with relation to property belonging to the firm. This was error. The rule is that a partner, as such, is not liable for a malicious prosecution instituted by his co-partner unless committed in the course of, and for the purpose of transacting, the partnership business. As a prosecution for larceny is not within the scope of a business of a mercantile partnership (the business engaged in by appellants), there could be no presumption of participation by all of the partners, and it was necessary that this fact be proven." Citing cases.

There could be no question that Joseph Solomon, having charge of the store in which the tort was committed, had the right to withdraw the invitation held out to the public generally to enter the store, and revoke that license at any time as to any individual, and eject such individual, if he refused to leave when requested (which was not the case here). *Crouch v. Ringer*, 110 Wash. 612, 188 Pac. 782, 9 A. L. R. 374.

If, in exercising such lawful authority, he use no more force than necessary, neither he nor the firm

would be liable for any damages. If force was used when unnecessary, or more than necessary force in such case, both he and the firm, under the principles of agency, would be liable.

But he would not have a right, acting for the partnership, under ordinary principles, to commit an intentional crime or any willful and malicious act, and bind the partnership to liability, unless the act which constituted the tort was authorized by the other members of the partnership, or was subsequently ratified by them. *Page v. Citizens Banking Co., supra; Polis v. Heizmann, supra.*

The rule is stated in 20 R. C. L., p. 914, § 126, as follows:

"Each member of a partnership is personally liable for a tort committed by a copartner acting in the scope of the firm business. Such liability is not dependent on the personal wrong of the individual member of the partnership against which the liability is asserted. The test of the liability is based on a determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership. If it was so committed, the partners are liable as joint tortfeasors. Being liable as joint tortfeasors the party aggrieved has his election to sue the firm or to sue one or more of its members, and may even single out for suit a partner who was in no wise involved in the commission of the tort. . . . But a necessary foundation for the liability of partners for the tortious act of a copartner is that the act shall be performed in the line of the copartnership business and if the injury results from a wanton or wilful act of one of the parties committed outside of the agency or common business, then the person doing the act and causing the injury is alone responsible."

The instructions given by the court as to the liability of both partners, therefore, were erroneous, as the trial court decided. Notwithstanding that, the granting of

judgment n. o. v., as to Morris Solomon, and dismissing him from the suit, was also erroneous.

There is evidence, although slight, that Morris Solomon was present. Appellant testified that he saw Morris Solomon there present, but he did not say or do anything. The evidence, however slight, is sufficient to go to the jury as to the tacit consent of Morris Solomon.

The rule is as stated in *Polis v. Heizmann, supra,* by the supreme court of Pennsylvania, which decided that, while the act of the offending partner was committed during a transaction which was within the scope of the firm's business, the offense of assault was not, and said:

"The case is different where the master or partner, sought to be charged, was present at the assault and failed to protest. Citing *Williams v. F. & W. Grand Stores,* 273 Pa. 131, 116 Atl. 652."

The rule above stated accords with reason and we approve it.

For these reasons, the order and judgment of the superior court as to Morris Solomon is reversed, the order granting a new trial to Joseph Solomon is affirmed, and a new trial is ordered for both.

TOLMAN, C. J., ASKREN, FULLERTON, and MAIN, JJ., concur.