[No. 21806.   Department Two.   July 9, 1929.]

J. H. SMITH, *Respondent*, v. STANLEY M. MUCKELSTONE *et al., Appellants.*[1]

*Roberts, Skeel & Holman* and *Frank Hunter,* for appellants.

*Reynolds, Ballinger & Hutson,* for respondent.

PARKER, J.—The plaintiff, Smith, seeks recovery of damages alleged as suffered by him as the result of the negligent driving of an automobile operated for the defendants, Muckelstone and wife.   Trial in the superior court for King county, sitting with a jury, resulted in a verdict in favor of the defendants. Thereupon counsel for the plaintiff moved for a new trial on several grounds, presenting to the trial court questions of both law and discretion.   After hearing argument upon the motion, the trial judge rendered an informal memorandum opinion which concluded with these words:

"I believe that the failure to give requested instruction No. 8 was an error entitling plaintiff to a new trial.   An order may be presented granting a new trial."

[1]Reported in 278 Pac. 1074.

No other claim of error was mentioned in the memorandum opinion. On the following day, a formal order was entered by the court, which, without any recital or statement therein touching the ground upon which it was rested, reads, after the usual recitals of the making and submission of the motion, as follows:

"It is hereby considered, ordered and adjudged as follows: That said verdict be and the same is hereby set aside, and that said motion for new trial be and the same hereby is granted."

There being no recitals in the order showing that the court granted the motion for new trial exclusively upon some specified ground or grounds, we cannot know but that it was granted also upon the discretionary ground that the verdict was against the weight of the evidence. The view of the trial judge, expressed in an informal memorandum opinion as a ground for new trial, is not conclusive of that being the only ground for granting the motion by formal order thereafter entered with no recital therein as to the ground or grounds upon which it is rested. So, unless we can conclude that the trial judge abused his discretion, or that the verdict was such as appellants were entitled to as a matter of law, we cannot reverse the order granting a new trial. Such has become the settled law according to our repeated holdings. *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Dulchevsky v. Solomon,* 136 Wash. 645, 241 Pac. 19; *Bone v. Yellow Cab Co.,* 137 Wash. 472, 242 Pac. 1093; *Shook v. Hughes,* 146 Wash. 134, 262 Pac. 142.

Contention is made in behalf of appellants that the evidence is such as to entitle them to the verdict rendered by the jury, as a matter of law; that is, that they were entitled to such an instructed verdict in their favor; and that, in any event, the evidence so preponderated in their favor that the trial court abused its

discretion in setting aside the verdict. Our review of the evidence convinces us that the trial court could not have rightfully finally so disposed of the case as a matter of law and did not abuse its discretion in awarding the respondent a new trial.

The order awarding the plaintiff a new trial is affirmed.

MILLARD, FULLERTON, MAIN, and FRENCH, JJ., concur.