[No. 22466.  Department One.  July 8, 1930.]

J. H. SMITH, *Respondent,* v. STANLEY M. MUCKLESTONE *et al., Appellants.*[2]

*Roberts, Skeel & Holman* and *Frank Hunter,* for appellants.
*Reynolds, Ballinger, Hutson & Boldt,* for respondent.

BEALS, J.—Plaintiff was proceeding on foot in an easterly direction along the northerly sidewalk of University street in the city of Seattle, and, in attempting to cross Fourth avenue, was struck by defendants' automobile, which was proceeding in a northerly direc-

[1]Reported in 289 Pac. 554.
[2]Reported in 289 Pac. 526.

tion along the last mentioned thoroughfare. The resulting action, in which plaintiff sought compensation for his injuries, after several trials which failed to result in any final determination of the questions at issue, was tried to a jury, which returned a verdict in favor of plaintiff. From a judgment upon this verdict, defendants appeal.

On a prior appeal from an order granting this respondent's motion for a new trial after a verdict in favor of these appellants, it was held that, on the evidence introduced at that trial, appellants Mucklestone were not entitled to an instructed verdict in their favor (*Smith v. Mucklestone*, 153 Wash. 31, 278 Pac. 1074), and the order granting a new trial was affirmed.

On this appeal, appellants contend that their challenge to the sufficiency of the evidence and their motion for a directed verdict in their favor should have been sustained; that their motion for judgment in their favor notwithstanding the verdict should have been granted; and that the court erred in entering judgment against them upon the verdict of the jury.

Much traffic passes in all directions at the intersection of University street and Fourth avenue, traffic being governed by an automatic signaling device suspended over the center of the intersection. Appellants contend that the evidence clearly indicates that respondent started to cross Fourth avenue against the traffic signal, and that he consequently was guilty of such contributory negligence as bars any recovery of damages by him against appellants. In support of their argument, appellants call attention, among other matters, to the testimony of the senior traffic engineer of the city of Seattle, who testified as an expert in regard to certain undisputed facts and as to certain hypothetical situations submitted by the respective parties for his consideration. The testimony of this witness was properly considered by the jury, and appellants base a very able and intriguing argument thereon in support of their contention that respondent, in view of some of the admitted facts and certain statements made by him on the witness stand, must have violated the governing traffic regulations in his attempt to cross Fourth avenue.

These arguments might well have convinced the jury that appellants were not liable to respondent, but they did not so convince the jury, and we are satisfied from an examination of the record that the trial court correctly held that disputed questions of fact were presented by the evidence upon which the jury was entitled to pass. Were we determining the issues between these parties as triers of the facts, we might well come to a conclusion different from that reached by the jury, but we cannot hold, as a matter of law, that appellants were or are entitled to judgment in their favor. No errors are assigned upon the admission or exclusion of any evidence, nor upon any instructions of the court, the sole question being the sufficiency of the evidence to support the verdict in respondent's favor.

Examination of the record convinces us that evidence was introduced which, if believed by the jury, as it evidently was, supports the verdict and the judgment entered thereon.

The judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and FRENCH, JJ., concur.