Zimmerman, J.
It will be noted that the amended petition seeks to fix the liability of defendant to plaintiff for his injuries on the theory of negligence. Plaintiff contends that defendant and Michael Acri were joint proprietors of the Acri Cafe and that defendant, as a joint proprietor, was negligent in failing to exercise ordinary measures and precautions .to protect patrons of the cafe from unprovoked attacks by Michael Acri, a person known to the defendant to be vicious and irresponsible.
The evidence presented on the trial supports the claims in the amended petition as to the manner in which plaintiff was injured. It shows that, while plaintiff and his companion Avere sitting quietly at the bar of the Acri Cafe on the night of February 17, 1947, partaking of alcoholic beverages, Michael Acri, for no apparent cause, shot and killed plaintiff’s companion and afterward viciously attacked plaintiff. *471 Evidence was also introduced which might justify the conclusion that at the time of plaintiff’s injuries Michael Acri and the defendant, then husband and wife, were joint proprietors of the Acri Cafe which had been started in 1933, although defendant herself denied any such relationship.
Other undisputed evidence discloses that on a number of occasions from 1931, when defendant and Michael Acri were married, until sometime in 1946, the latter was a patient in different hospitals, clinics and sanitariums and under treatment by physicians, and that one of the sanitariums he entered “was a hospital for mental disorders and nervousness.” However, no evidence was presented as to the nature of Michael Acri’s mental or nervous trouble, if any existed, or as to its manifestations, and there was no evidence that he ever attacked, abused or mistreated anyone except defendant during occasions when they were experiencing marital difficulties.
Additional undisputed evidence shows that each and every license in connection with the operation of the Acri Cafe was applied for and issued in the name of Michael Acri alone; that defendant’s operation and management of the Acri Cafe were confined principally to those times.when Michael Acri was away on account of illness; that Michael Acri and his wife, the defendant, separated permanently in September of 1946; that shortly thereafter she sued bim for divorce ; and that, from sometime in September 1946 until plaintiff’s injuries, defendant had no direct connection with the Acri Cafe, the sole management and control thereof being exercised by Michael Acri to the exclusion of defendant.
It also appears from the evidence that plaintiff secured a judgment for $10,000 against Michael Acri *472 for the injuries received at Acri’s hands, and that Acri is now serving a life sentence in the Ohio Penitentiary for killing plaintiff’s companion.
For the purpose of the discussion which follows, we shall accept plaintiff’s claim, supported by some evidence, that defendant and Michael Acri were joint proprietors of the Acri Cafe at the time plaintiff was assaulted by Acri.
The authorities are in agreement that whether a tort is committed by a partner or a joint adventurer, the principles of law governing the situation are the same. So, where a partnership or a joint enterprise is shown to exist, each member of such project acts both as principal and agent of the others as to those things done within the apparent scope of the business of the project and for its benefit. See Schloss v. Silverman, 172 Md., 632, 192 A., 343; Soulek v. City of Omaha, 140 Neb., 151, 299 N. W., 368; and Poutre v. Saunders, 19 Wash. (2d), 561, 143 P. (2d), 554.
Section 8105-13, General Code, a part of the Uniform Partnership Act, provides:
“Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused tp any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.”
Such section, although enacted after the cause of action in the instant case arose, corresponds with the general law on the subject.
However, it is equally true that where one member of a partnership or joint enterprise commits a wrongful and malicious tort not within the actual or apparent scope of the agency or the common business of the
*473 particular venture, to which the other members have not assented, and which has not been concurred in or ratified by them, they are not liable for the harm thereby caused. See Schloss v. Silverman, supra; Idom v. Weeks & Russell, 135 Miss., 65, 99 So., 761, 40 A. L. R., 668; Polis v. Heizmann, 276 Pa., 315, 120 A., 269, 27 A. L. R., 948; Dulchevsky v. Solomon, 136 Wash., 645, 241 P., 19; 40 American Jurisprudence, 262, Section 190; 68 Corpus Juris Secundum, 618, Partnership, Section 168; 1 Rowley’s Modern Law of Partnership, 651, Section 512; and 1 Cooley on Torts (4 Ed.), 289, Section 88.
The proposition is stated as follows in Tarlecka v. Morgan, 125 Ohio St., 319, 322, 181 N. E., 450, 451:
“A tortious act committed by one partner which is outside the general partnership agency, renders that partner alone responsible, because he acts only for himself. ’ ’
Because at the time of plaintiff’s injuries and for a long period prior thereto defendant had been excluded from the Acri Cafe and had no voice or control in its management as to the hiring of employees or anything else, and because there is no showing that defendant knew or had good reason to believe that Michael Acri was a dangerous individual prone to assault cafe patrons, it seems to us that the theory of negligence adopted and urged by plaintiff is hardly tenable.
We can not escape the conclusion, therefore, that the above rules, relating to the nonliability of a partner or joint adventurer for wrongful and malicious torts committed by an associate outside the purpose and scope of the business, must be applied in the instant case. The wilful and malicious attack by Michael Acri upon the plaintiff in the Acri Cafe can not reasonably be said to have come within the scope of the *474 business of operating tbe cafe, so as to have rendered the absent defendant, assuming her joint proprietorship of the cafe, accountable.
Since the liability of one partner or of one engaged in a joint enterprise for the acts of his associates is founded upon the principles of agency, the statement is in point that an intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefor. See the celebrated case of Little Miami Rd. Co. v. Wetmore, 19 Ohio St., 110, 2 Am. Rep., 373, and compare Nelson Business College Co. v. Lloyd, 60 Ohio St., 448, 54 N. E., 471, 46 L. R. A., 314, 71 Am. St. Rep., 729.
Therefore, under the evidence in this case, we entertain the view that the trial court should have directed a verdict for the defendant at the close of the evidence, in response to her motion. The judgments of the Court of Common Pleas and of the Court of Appeals are reversed and final judgment is rendered for the defendant.

Judgment reversed.

Weygandt, C. J., Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.