# Neiman *v.* Delaware & Hudson Canal Company, Appellant.

*Negligence—Railroad crossing—Contributory negligence—When question for jury.*

Where it appeared that the plaintiff, before crossing the tracks of a railroad at a grade crossing, stopped and looked and listened, but at a point where his vision was obstructed by steam escaping from a factory, the operation of which made a great deal of noise, the question of his contributory negligence is for the jury, not the court.

Argued April 12, 1892.   Appeal No. 254, Jan. T., 1892, by defendant, The President, Managers and Company of the Delaware & Hudson Canal Company, from judgment of C. P. Luzerne Co., March T., 1889, No. 95, on verdict for plaintiff, Frederick Neiman.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Trespass for personal and other injuries caused by alleged negligence of defendant in the running of a train.

On the trial before RICE, P. J., it appeared that the plaintiff, with wagon and team, had been struck by the defendant's train at a grade crossing in Wilkes-Barre.   Near the crossing were axle works, the operation of which made a great deal of noise; and from these buildings, steam was escaping, at the time of the accident, so as to interfere with the view in the direction from which the train came.   On the side from which the train was coming, just about the point where plaintiff stopped to look and listen, was a small, low building, which might have somewhat interfered with his view of the track.   There was a conflict of testimony as to the speed of the train and the ringing of the bell and blowing of the whistle.   The court charged the jury, in part, as follows:

" If you find he stopped at a proper place where, under ordinary circumstances, he would have seen any approaching trains and heard the crossing signal, and looked and listened before driving on the track, but was prevented from hearing by the noise of the machinery of the axle works, and from seeing by the escaping steam, you will then inquire whether he performed his duty in view of the fact that a fair view of the track was obscured by the steam, and that the noise of the machinery prevented him from hearing the crossing signal and the approaching train." [1]

Defendant's points, were, among others:

" 1. The plaintiff having shown by his own evidence that the only stop he made on approaching the crossing was at a point where the small building and the steam from the axle works made it impossible for him to see up the track, his failure to stop at a point where he could see was negligence, per se, on his part and he cannot recover in this action." [2]

" 2. The plaintiff having stopped at a point where, from his

own testimony, he could not see up the track, and the track being, according to his own testimony, obscured from view by the small building and the steam from the axle works, it was his duty to get out of his wagon and lead his team, and his failure to do so was contributory negligence on his part, and there can be no recovery in this case." [3]

"5. That under all the evidence in this case the plaintiff cannot recover and the verdict must be for the defendant." [4]

The fifth point was simply negatived. To the other points, the court answered as follows : " We answer all of these points in the negative for the reason that they, in our judgment, withdraw from the consideration of the jury the questions of fact which must be decided by them."

*Errors assigned* were, (1) the charge of the court as above, quoting it; (2–4) the refusal of defendant's points as above, quoting them.

*Andrew H. McClintock* and *George R. Bedford*, for appellant.

*W. H. McCartney, E. F. McGovern* and *E. V. Jackson* with him, for appellee.

PER CURIAM, April 25, 1892 :

We find no error in this record. The question whether the plaintiff was guilty of contributory negligence was one which, under the circumstances, was entitled to be passed upon by the jury. It could not have been ruled as a question of law. There is nothing else in the case.

Judgment affirmed.