# Brown v. Barnes, Receiver of Allegheny Valley R. R., Appellant.

*Contributory negligence — Railroad passenger — Alighting from moving train—Nonsuit.*

In an action to recover for the death of a passenger caused by the alleged negligence of a railroad company, plaintiff's testimony showed that the passenger attempted to alight from the train after it had begun to move and after two other passengers upon the platform of the same car had been thrown down in alighting, in consequence of the motion of the train. *Held,* that the passenger in attempting to alight under the circumstances was guilty of contributory negligence which justified binding instructions for defendant.

While a plaintiff cannot be nonsuited on testimony of one witness (not himself) if there are other witnesses who make out a case for the jury, the rule has no application to a case where there is no contradiction in the testimony but rather a corroboration, leaving it beyond dispute that the passenger stepped off a moving train: Kohler v. R. R., 135 Pa. 346, distinguished.

Argued Oct. 3, 1892. Appeal, No. 271, Oct. T., 1891, by W. H. Barnes, receiver of the Allegheny Valley R. R. Co., defendant, from judgment of C. P. Clarion Co., No. 96, Nov.

T., 1890, on verdict for plaintiff, Lydia W. Brown. Before
PAXSON, C. J., STERRETT, WILLIAMS, GREEN, McCOLLUM and
MITCHELL, JJ.

Trespass for damages for death of plaintiff's husband caused
by the alleged negligence of defendant company.

At the trial it appeared that Nathan Brown, plaintiff's hus-
band, was a passenger on defendant's train from Emlenton to
Foxburg. When the train stopped at Foxburg station he with
several other passengers, including one Morrison and another
man Eddinger, attempted to leave the train. Before Brown
alighted the train had begun to move again and when he left
the car steps he fell and dropped under the wheels and was so
injured that he died in a short time. Eddinger and Morrison
preceded the deceased in alighting from the train and both of
them were thrown down or fell in consequence of the motion
of the train. Plaintiff's testimony on this point is summarized
in the opinion of the Supreme Court.

Defendant's point (1) asking for binding instructions was
answered : " This point, gentlemen, we refuse, for the reasons
stated in our general charge ; that that is for you to determine
under all the evidence, whether the plaintiff is entitled to re-
cover ; whether the plaintiff, or plaintiff's husband, contributed
to this injury. [1]

*Errors assigned* were among others (1) refusal of above
point, quoting point and answer.

*Don. C. Corbett* and *W. L. Corbett,* for appellant.

*W. A. K. Weidner,* with him *John W. Reed* and *Harry R.
Wilson,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, October 31, 1892.

The testimony on the part of plaintiff leaves no doubt that
the decedent lost his life through his own negligent act. The
witness who was in the best position to know the exact facts,
and who gives the clearest account, Eddinger, testifies that the
car was moving when he got to the platform, he saw Morrison
who was in front of him fall in getting off, he stepped off him-
self and fell, and Brown was behind him. The theory so ably
argued by counsel for appellee that Brown was thrown off
from the platform or steps of the car by its sudden jerk in start-

ing is negatived by this testimony of Eddinger which makes it clear that the falls of the three men were not simultaneous as they would have been had they been caused by the sudden jerk of starting, but successive, and that Brown must have seen that the train when he reached the steps was going fast enough to throw down the two men who alighted immediately before him. In the face of that patent fact, it is useless to discuss the speed of the train, or how far it had got from the starting point. The danger was manifest, and the negligence of venturing into it beyond question.

It is true that, as held in Kohler v. R. R. Co., 135 Pa. 346, a plaintiff cannot be nonsuited on the evidence of one witness (not himself) if he has others who make out for him a case that should go to the jury, unless the result of the whole evidence in his behalf makes it clear that a verdict in his favor could not be supported. But in the present case Eddinger is not contradicted, but rather corroborated by the other witnesses though their accounts are less precise and detailed than his. Thus Torney saw a man " make a blunder " in getting off. It was Eddinger and the car was then moving. Dunkle saw three men fall. They were on the platform and steps when the train started, and he says the last one, the one who was killed, must have been the one on the platform, and he " stepped right out." Lambert saw a " couple of fellows fall on the platform after the train started," and they scrambled up and went up the street. These are all the witnesses that testified for plaintiff as to the exact facts of the accident, and they leave it beyond dispute that the car was moving when Morrison and Eddinger got off, and that Brown was behind them.

The cases of R. R. v. Kilgore, 32 Pa. 292 ; Johnson v. R. R., 70 Pa. 357 ; Leggett v. R. R. Co., 28 W. N. 236 ; and R. R. Co. v. Lyons, 129 Pa. 113, are not applicable. Their circumstances were too different from those of the present case to need detailed comparison.

Appellant's first point should have been affirmed.

Judgment reversed.