# Ely *v.* Pittsburgh, Cincinnati, Chicago & St. Louis Railway, Appellant.

*Negligence—Railroads—Crossings—" Stop, look and listen."*

The mere act of stopping before going upon a railroad track does not of itself show that the person injured stopped at a proper place, or that there was not another and better place where he should have stopped again, or that his duty of looking and listening was performed with proper care and attention; but stopping is opposed to the idea of negligence, and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can properly be drawn from it, the court cannot draw that inference as a conclusion of law, but must send the case to the jury.

*Nonsuit—Court and jury—Evidence.*

In an action to recover damages for personal injuries, if the plaintiff has made out a case for himself by his own testimony he cannot be nonsuited, although another of his own witnesses shows his negligence.

When the plaintiff's testimony is contradictory, so that on part of it he is entitled to go to the jury, and on the other part he is not, the case must go to the jury, whose province it is to reconcile conflicting statements whether of the same or different witnesses, or to draw the line between them and say which shall prevail.

Plaintiff testified that he stopped "within about forty feet of the track and listened for the train;" again that he leaned forward in the buggy, "looked both ways and listened for the whistle;" again he repeated that he stopped, looked both ways and listened, and added that he satisfied himself that there was no approaching train before he started, and that he "used all the caution that any man could do." On the other hand he testified that from a point about seventy feet from the track an approaching train could not be seen owing to a cut and embankment. Upon cross-examination he admitted that he could not see down the track from where he stopped. In explanation of his inconsistency he said that until within seventy feet of the track he was where he "could see the train without putting himself to any trouble, because he was driving near the track." *Held,* that the case was for the jury.

Argued Oct. 16, 1893. Appeal, No. 37, Oct. T., 1893, by defendant, from judgment of C. P. Washington Co., Feb. T., 1892, No. 479, on verdict for plaintiff, J. W. Ely. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries. Before McILVAINE, P. J.

At the trial it appeared that, on Jan. 15, 1892, at about 6

| | |
|---|---|
| 158 | 233 |
| 160 | 571 |
| 160 | 647 |
| 161 | 5 |
| 158 | 233 |
| 168 | 270 |
| 158 | 233 |
| 169 | 492 |
| 158 | 233 |
| 172 | 386 |
| 158 | 233 |
| 178 | 377 |
| 158 | 233 |
| 179 | 195 |
| 180 | 507 |
| 158 | 233 |
| 181 | 592 |
| 158 | 233 |
| 196 | 216 |
| 158 | 233 |
| 201 | 561 |
| 158 | 233 |
| 202 | 632 |
| 158 | 233 |
| 204 | 499 |
| 158 | 233 |
| 205 | 573 |
| 22 SC | 338 |
| 158 | 233 |
| 208 | 447 |
| 209 | 11 |
| 24 SC | 620 |
| 26 SC | 239 |
| 158 | 233 |
| 212 | 229 |
| 212 | 571 |
| 158 | 233 |
| 214 | 383 |
| 214 | 388 |
| 30 SC | 417 |
| 158 | 233 |
| 215 | 63 |
| 158 | 233 |
| 216 | 598 |
| 32 SC | 29 |
| 158 | 233 |
| 220 | 197 |
| 158 | 233 |
| 223 | 300 |
| 158 | 233 |
| 39 SC | 260 |
| 40 SC | 228 |
| 41 SC | 56 |

o'clock P. M., plaintiff, who was a physician, was injured at the grade crossing of defendant's railroad, known as Morgan's crossing about two miles north of Washington. Plaintiff was driving in a buggy, the top of which was up and the side curtains fastened down. Evidence for defendant tended to show that defendant's track was visible from the road all the way from a point nine hundred and eighty feet from the track to a point seventy feet from the track. The view of the track then became obstructed by an embankment and a lumber pile, to a point about twenty feet from the track, when the track became visible for a distance of one thousand to fifteen hundred feet. The evidence of plaintiff as to where and how he stopped, looked and listened was contradictory. It is quoted in the opinion of the Supreme Court.

Defendant's points were among others as follows :

"1. The undisputed evidence in this case shows that the plaintiff could not see the defendant's tracks at a point thirty to forty feet distant from the said crossing, and that the plaintiff was fully aware of this fact, and that the plaintiff voluntarily chose this point as the one from which to take his observations, and stopped, looked and listened at no other point until he went upon the crossing; he was therefore guilty of contributory negligence and cannot recover in this action. *Answer :* If the facts in this case are as stated in this point, then its conclusion is correct; but as the counsel for the plaintiff deny that the facts are accurately stated, we will leave it to you to determine the facts." [1]

"2. The evidence introduced by both the plaintiff and defendant shows that at a point fifteen to twenty feet distant from the crossing, on the side from which it was approached by the plaintiff, a clear and unobstructed view of the defendant's tracks in the direction from which the train approached could be had, and that the plaintiff drove past this point without any attempt to stop, look or listen; he was therefore guilty of contributory negligence and cannot recover in this action. *Answer :* This point is refused; we leave it to you to determine the facts of the case, and to determine, under the law we have given to you, whether or not the plaintiff was guilty of contributory negligence." [2]

"9. If the jury believe that had the plaintiff stopped, looked

and listened when within twelve to twenty feet of the crossing, he would have seen or heard the approaching train, and that he did not so stop, look and listen, then their verdict must be for the defendant company.   *Answer:* This point is refused; we leave it to you as a question of fact to be determined under all the evidence in this case, and under our charge, whether the plaintiff stopped, looked and listened in a manner and at a place so as to comply with the requirements of the law as we have given it to you." [3]

11. Request for binding instructions.   Refused. [4]                     ·

Verdict and judgment for plaintiff for $2,000.   Defendant appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*A. M. Todd, J. A. Wiley* with him, for appellant.—Plaintiff must rely upon his own story in order to recover, and taking his own story it is manifest that he was guilty of gross contributory negligence, and the court below erred in not unqualifiedly affirming defendant's first and second points : R. R. v. Brandtmaier, 113 Pa. 610 ; R. R. v. Beale, 73 Pa. 509 ; R. R. v. Feller, 84 Pa. 229 ; Marland v. R. R., 123 Pa. 87 ; R. R. v. Carr, 99 Pa. 510 ; Urias v. P. & R. R. R., 152 Pa. 326.

*M. L. A. McCracken, J. F. McFarland* with him, for appellee.—The fact stated in the first point does not agree with the testimony and was properly refused.   Where the evidence is conflicting or where there are inferences from evidence, the question whether plaintiff stopped, looked and listened at the right place or not is for the jury.   It is error to rule it as a question of law : McGill v. Pittsburgh & Western Ry., 152 Pa. 333 ; Ellis v. Lake Shore etc. R. R., 136 Pa. 512 ; North Pennsylvania R. R. v. Heileman, 49 Pa. 63.

Where there is doubt as to the proper place to stop the question is generally for the jury, and it is error for the court to undertake to determine the fact as a matter of law : Ellis v. Lake Shore etc. R. R., 138 Pa. 521 ; Newhard v. P. R. R., 153 Pa. 425 ; Groner v. D. &. H. Canal Co., 153 Pa. 396 ; Gates v. P. R. R., 154 Pa. 572 ; Lehigh Valley R. R. v. Brandtmaier, 113 Pa. 618 ; Neimen v. D. & H. Canal Co., 149 Pa. 93.

OPINION BY MR. JUSTICE MITCHELL, November 6, 1893:

The cases arising from that prolific source of danger and accident, the grade crossing of railroads, are unfortunately numerous, and the lines of legal responsibility for the negligence of defendants or the contributory negligence of plaintiffs, have consequently been drawn sharply, and with fine, though well settled distinctions. The cases beginning with R. R. Co. v. Heileman, 49 Pa. 60, and R. R. Co. v. Beale, 73 Pa. 504, have established not only the rule that the traveler about to cross a railroad track must stop, look, and listen, as an absolute and unbending rule of law, founded in public policy for the protection of passengers in railroad trains, as much as of travelers on the common highways, but also that such stopping, looking and listening must not be merely nominal or perfunctory, but substantial, careful, and adapted in good faith for the accomplishment of the end in view. Hence the necessary corollaries of the rule were drawn in R. R. Co. v. Feller, 84 Pa. 226, and Carroll v. R. R. Co., 12 W. N. 348, and Marland v. R. R. Co., 123 Pa. 487, that the traveler must stop and look where he can see, and that he will not be allowed to say that he did so, when the circumstances make it plain that the proper exercise of his senses must have shown him the danger.

These principles are settled beyond question, but the application of them to the infinite varieties of circumstances and evidence in accident cases is not always easy. All that this court can do is to lay down the general rules, and to say that where the facts are uncontested or the inference of negligence the only one that can be drawn, the court must pronounce the result as matter of law, but where the facts are in dispute, or the inference from them open to debate, they must go to the jury. This is the result of all the cases, the latest of which are R. R. Co. v. Frantz, 127 Pa. 297 ; McNeal v. R. R. Co., 131 Pa. 184 ; Ellis v. R. R. Co., 138 Pa. 506 ; Neiman v. D. & H. Canal Co., 149 Pa. 92; Urias v. R. R. Co., 152 Pa. 326 ; McGill v. R. R. Co., Id. 331 ; Groner v. D. & H. Canal Co., 153 Pa. 390 ; and Whitman v. R. R. Co., 156 Pa. 175.

The evidence in the present case shows that the plaintiff stopped, looked and listened before driving on the track. He was therefore not proceeding recklessly, but with some degree of attention to the situation and his duty in regard to it. The

mere act of stopping does not it is true of itself show that he stopped at a proper place, or that there was not another and better place where he should have stopped again, or that his duty of looking and listening was performed with the proper care and attention, but stopping is opposed to the idea of negligence, and unless, notwithstanding the stop, the whole evidence shows negligence so clearly that no other inference can properly be drawn from it, the court cannot draw that inference as a conclusion of law, but must send the case to the jury.

But it is argued, and this is the pinch of the present case, that the plaintiff's own testimony shows that he stopped at a place where he could not see. If this is the clear result of his testimony the consequence may be conceded. It was said in Kohler v. R. R. Co., 135 Pa. 346 (357), that "If plaintiff's own testimony had shown that he was negligent, he could not complain if the court took his case as he made it, although another witness had done better for him than he had for himself." The point decided, however, in that case (and see also Brown v. Barnes, 151 Pa. 562) was the converse proposition that where plaintiff has made out a case for himself he cannot be nonsuited although another of his own witnesses shows his negligence.

The present case is upon the very border line. The testimony of the plaintiff upon the subject of his stop is extremely muddled and conflicting. In his first account he says that he stopped " within about forty feet of the track and listened for the train ; " again that he leaned forward in the buggy, " looked both ways and listened for the whistle ; " again he repeats that he stopped, looked both ways and listened, and adds that he satisfied himself that there wasn't any approaching train before he started, and that he " used all the caution that any man could do." On the other hand he says more than once that from about seventy feet back from the track and therefore necessarily from where he stopped, owing to a cut and embankment in the road, an approaching train could not be seen ; and upon cross examination, he admits flatly, more than once, that he could not see down the track from where he stopped. Yet when his attention was called to the uselessness of looking where he could not see, his explanation was that until within seventy feet of the track he was where he " could see the train without putting himself to any trouble, because he was driving

near the track." This testimony was contradictory, and the net result of it by no means clear. On part of it he was plainly entitled to go to the jury, on the other part equally plainly he was not. Under these circumstances the case must go to the jury, whose province it is to reconcile conflicting statements, whether of the same or different witnesses, or to draw the line between them and say which shall prevail. Had the testimony referred to a subject as to which the burden of proof was on the plaintiff, the result might have been different, for the court is not entitled to submit evidence which will merely enable a jury to guess at a fact in favor of a party who is bound to prove it. But in cases like the present, the plaintiff is not required to disprove contributory negligence, but only to make out a case clear of it. Unless, therefore, his negligence appears affirmatively, he is entitled to go to the jury on the general presumption against it, and so likewise where the evidence is conflicting as it was here. The weight of the evidence appears to us very clearly against the plaintiff on this point, but that was for the jury and the court below.

Judgment affirmed.