# Williams et ux. *v.* F. & W. Grand Five, Ten & Twenty-Five Cent Stores, Inc., Appellant.

*Trespass for assault—Principal and agent—Assault of private detective—Department store.*

1. In an action against the proprietor of a department store for a physical assault committed on plaintiff while in the store under arrest for an alleged theft, a judgment on a verdict for plaintiff will be sustained where the evidence shows that the assault was committed by an operative of a private detective agency employed by defendant, that defendant's manager was present at the time of the assault when plaintiff was being examined as to the theft, and that he stood by without lending her any protection.

*Appeals—Verdict—Review—View favorable to appellee.*

2. Where a verdict is sustained by the trial court, the record, on appeal, will be viewed, from every standpoint, in a light most favorable to appellee.

*Appeals—Statement of questions involved.*

3. The appellate court will not consider questions sought to be raised before it, where such questions are unsuggested in the statement of questions involved.

Argued January 13, 1922. Appeals, Nos. 161 and 162, Jan. T., 1922, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1919, No. 1316, on verdict for plaintiff, in case of Thomas W. Williams and Elizabeth Williams, his wife, v. F. & W. Grand Five, Ten & Twenty-Five Cent Stores, Inc. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for assault and battery. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Thomas W. Williams for $500, and for Elizabeth Williams for $1,800. Defendant appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court, quoting record.

*B. I. DeYoung,* for appellant.—It is submitted that the person alleged to have inflicted the injury was not in defendant's employ at the time, but was in the employ of an independent contractor, and not even assigned to duty in defendant's establishment: McColligan v. R. R., 214 Pa. 229; Connor v. R. R., 24 Pa. Superior Ct. 241; Smith v. Ins. Fund, 262 Pa. 286; Miller v. Merritt, 211 Pa. 127.

The master is not liable for the tortious acts of his servant outside the line of his duty: Marcus v. Gimbel Bros., 231 Pa. 200; Greb v. R. R., 41 Pa. Superior Ct. 61; Rudgeair v. Traction Co., 180 Pa. 333; Lowry v. Sewing Machine Co., 62 Pa. Superior Ct. 364; Drexler v. Transit Co., 244 Pa. 18; Christian v. Transit Co., 244 Pa. 391; Rohrback v. R. R., 244 Pa. 132.

The presence or absence of the master is immaterial: Brennan v. Merchant & Co., 205 Pa. 258.

*Michael J. Geraghty,* for appellee, cited: Pittsburgh, etc., Ry. v. Lyon, 123 Pa. 140; Frantz v. Lenhart, 56 Pa. 365.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February, 13, 1922:

Elizabeth Williams visited defendant's department store, in the City of Philadelphia, on November 15, 1919, when and where she was placed under arrest, accused of stealing a toothbrush; suit was brought by Mrs. Williams and her husband to recover damages for assault upon the former on this occasion; verdicts were rendered in favor of plaintiffs, and these appeals by defendant are from judgments entered on the verdicts.

The testimony relied on by plaintiffs tends to show the arrest was made by a saleswoman of defendant, acting

under direction of its manager; that an operative of a private detective agency, employed by defendant to guard its store, struck her with violence, in the presence of defendant's manager, while Mrs. Williams was under arrest, inflicting a wound upon her cheek and causing other serious results; and that all of these things were done during an examination of Mrs. Williams to ascertain the circumstances attending her alleged theft of defendant's property, and, therefore, in the transaction of its affairs, defendant's manager participating in the events by his presence and failure to lend protection, from physical assault, to a person so situated in his employer's establishment.

The only points stated, or suggested, for determination in appellant's statement of questions involved, are these: (1) Defendant, having made a contract with an independent licensed detective agency for the protection of its establishment, "in the absence of evidence of due care in selecting such agency, is it responsible for the torts of the agency's operatives, and particularly when said operatives are not assigned to duty in the establishment where the act complained of was alleged to have been committed?" (2) "Is not the commission of assault and battery by such an operative an act beyond the scope of his employment?" and, (3) the act complained of being committed by the above described independent detective operative, "should not the court have directed a verdict for defendant?"

In determining the questions presented, as above indicated, it must be borne in mind that the learned trial judge particularly instructed the jurors that, if the assault upon Mrs. Williams was viewed by them as the act of the independent detective employee, their verdict would have to be for defendant, adding, however, that, if they believed the manager of defendant's store was "present and participated in the acts of [Smith, the detective], or permitted him to insult and assault" plaintiff, when he could and should have protected her, then

they might find their verdicts the opposite way; hence,— under the rule that, when a verdict is sustained by the trial court, the record, on appeal, will be viewed, from every standpoint, in a light most favorable to appellees, —it must be assumed that the present verdicts were rendered on the theory, not that defendant was held responsible for the acts of the alleged private detective agency, but for those of their own manager, and this, in effect, takes all of the questions involved, as stated by appellant, out of the case.

Several of the assignments complain of rulings on evidence, but, as indicated above, the points thus sought to be raised are not before us, since unsuggested in the statement of questions involved. We have examined the whole record, however, and find no reversible error.

The judgments are affirmed.