# Mahoning Valley Bread Company *v.* Baltimore & Ohio Railroad Company, Appellant.

*Principal and agent—Scope of authority — Burden of proof — Evidence—Insufficiency.*

It is the duty of a person dealing with an agent to ascertain the extent of his authority. Prima facie the powers of an agent are limited to those expressly granted or arising by implication from the character of the grant.

In an action of assumpsit for goods sold and delivered to an agent, the burden of proving both the fact of agency and its scope lies upon him who asserts it. The declarations of the agent are not proof of his authority.

Where a baking company sold bread to the manager of a railroad commissary, there can be no recovery against the railroad company, where there is not sufficient evidence to establish the fact that the manager of the commissary was the agent of the defendant railroad company.

Argued April 24, 1924. Appeal, No. 151, April T., 1924, by defendant, from judgment of C. P. Lawrence Co., March T., 1919, No. 11, on verdict for plaintiff in the case of Mahoning Valley Bread Company v. Baltimore & Ohio Railroad Company. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on book account. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $864.40 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and in overruling defendant's motion for judgment non obstante veredicto.

*Wylie McCaslin,* for appellant.—The duty of ascertaining the extent of the agent's powers rested upon

the plaintiff and its neglect to do this cannot operate to the injury of the defendant: Rice v. Jackson et al., 171 Pa. 89; Lauer Brewing Company v. Schmidt, 24 Pa. Superior Ct. 396; Central Penna. Telephone Co. v. Thompson, 112 Pa. 118; Dodge v. Williams, 47 Pa. Superior Ct. 302; Langenheim v. Anschutz-Bradbury Co., 2 Pa. Superior Ct. 285; Whiting v. Lake, 91 Pa. 349; Grim v. Bonnell, 78 Pa. 152; Fee v. Adams Express Co., 38 Pa. Superior Ct. 83; Slease v. Naysmith, 14 Pa. Superior Ct. 134.

*C. H. Akens,* of *Akens & Wilkison,* and with him *George W. Muse,* for appellee.—The evidence clearly proved that the manager of the commissary was the agent of the defendant company: Short v. D. & H. Co., 41 Pa. Superior Ct. 141; Adams Express Co. v. Schlessinger, 75 Pa. 246; Park v. Kansas City So. Ry. Co., 58 Pa. Superior Ct. 419; Wilson v. Sale, 41 Pa. Superior Ct. 566, 571; Cates & Shepard v. Seltzer, 62 Pa. Superior Ct. 348; Thompson, Exrx., v. Barrow, 81 Pa. Superior Ct. 216.

OPINION BY TREXLER, J., July 2, 1924:

The plaintiff seeks to recover from the defendant, the Baltimore and Ohio Railroad Company, a sum due it for bread furnished to a man named Corbi. The whole matter resolves itself into the question whether Corbi was the agent of the company either directly authorized to contract on its behalf or given such apparent authority as would justify one dealing with him to regard him as the agent of the company. The facts are as follows: the company was repairing its tracks and had gangs of men doing the work. These men slept in cars furnished by the company and the company paid for the mattresses and straw which were required. They procured their food from Corbi who had an arrangement with the company to deduct the amounts due to him by the men for food furnished, from their wages. There is no direct

evidence that the company agreed to pay for the bread furnished by the plaintiff. The plaintiff claims that Corbi was put in charge of the camp with absolute power to buy provisions for the railroad company. When Corbi called on the plaintiff for the first time he exhibited a pass and told the plaintiff's executive in charge, Mr. Andrews, that "if you want to know anything about this call the division engineer's office at New Castle Junction." Andrews called the office by telephone but failed to identify the man with whom he said he talked and this testimony was excluded. It sent a duplicate bill to the company each month and a weekly bill to Corbi. There is a persistent statement repeated in the questions and answers of plaintiff's witnesses that the goods were furnished to the Baltimore and Ohio Railroad Company and charged to it, but the fact is disclosed that the goods were delivered to the camp and the heading to the account as originally entered upon plaintiff's book was "Pete Corbi to Mahoning Valley Bread Company, debit." No bill was ever paid by the company. Whatever was paid, was paid by Corbi. After Corbi's failure to pay, Mr. Gordon, the head of the engineering department was seen and told Andrews this was not a B. & O. proposition and advised the bread company to attach the money due Corbi by the railroad company. This was done and affidavit made by Andrews that the goods were sold to Pete Corbi, and delivered to Corbi at the special instance and request of him. Armour & Company had a claim against Corbi which the railroad paid. There was no evidence that they were liable as an original debtor or that the bread company officers knew of the details of this transaction. In fact all the testimony shows that the dealing of the Armour Company was with Corbi, who paid the first bills. When he defaulted in payment the company paid the bills but before they did so took an assignment of the claim of the Armour Company against Corbi and there was no direct relation between the company and Armour

until the company was protected by an assignment of the claim.    These facts were developed by the plaintiffs own witnesses.    While the possession of a pass was some evidence of employment it does not carry with it the conclusion that being an employee, he had power to make contracts for the company.    To permit a recovery against the railroad company, we must find that the mere fact that the railroad company entered into an arrangement with Corbi to furnish food to its employees and furnish mattresses and straw, and free cars for the use of its men, and a storage car for the food and the kitchen equipment and otherwise aided him, that this was sufficient to bind the railroad company.    This, in the face of the fact, according to plaintiff's own witnesses that the original charge was made against Corbi and as stated before that the plaintiff's officer filed an affidavit in attachment proceedings at the suggestion of the railroad company, in which it definitely stated that Corbi was the one who contracted the bills.

It was the duty of the plaintiff to ascertain the extent of Corbi's authority.    It assumed the risk and cannot now complain if the supposed agent had no authority: Dodge v. Williams, 47 Pa. Superior Ct. 302.    The burden of proving both the fact of agency and its scope lies on him who asserts them.    Prima facie, the powers of an agent are limited to those expressly granted, or arising by implication from the character of the grant.    The burden of proof lies on him who asserts that they have been enlarged by the acts of the principal: T. L. Smith Company v. Burd P. Evans & Company, 56 Pa. Superior Ct. 626.    The declarations of the agent are not proof of his authority: Grim v. Bonnell, 78 Pa. 152; Fee v. Adams Express Company, 38 Pa. Superior Ct. 83.    An agent's authority can be established by his testimony, but not by his declarations: Hileman v. Falck, 263 Pa. 351.    We are all of the opinion that the plaintiff failed in establishing any liability on the part of the defendant for the claim which forms the basis of this suit.

The judgment is reversed and the record is remitted with direction that judgment be entered in favor of the defendant n. o. v.