# Bunting, Appellant, *v.* Goldstein et al.

*Malicious prosecution — False arrest — Principal and agent — Father and son—Evidence.*

1. To be responsible for an arrest or detention one must cause or participate therein.

2. A father is not liable for the acts of his son in causing a false arrest unless he authorized them.

3. The agency of the son cannot in such case be established by his own declarations, but may be by his testimony.

4. If it appears that the son procured a warrant and had another arrested under a mistake of identity, and there is no proof that the father participated in procuring the warrant or making the arrest, or that he subsequently ratified the action of his son, the father is not liable for the illegal arrest, and the case against him should not be submitted to the jury.

5. In such case, it is immaterial that the father after the arrest, may have also joined in the mistaken identification, if it appears that he did not request the further detention of the party arrested.

*Practice, C. P.—Trial—Plaintiff's and defendant's proofs—Burden of proof—Conflicting statements of witness—Case for jury.*

6. The rule that it is for the jury to reconcile the conflicting evidence of a witness, does not apply where the burden of proof is on plaintiff and the only evidence in support of an affirmative fact is that of one who so contradicts himself as to render a finding of the fact thereon a mere guess.

7. Where the burden of proof is on the defendant, the rule is different, there plaintiff's case is for the jury, although his evidence is conflicting.

Argued March 24, 1925. Appeal, No. 31, March T., 1925, by plaintiff, from judgment of C. P. Cambria Co., Dec. T., 1923, No. 317, for defendant n. o. v., in case of Harry Spencer Bunting v. H. S. Goldstein et al. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for false arrest. Before REED, P. J., O. C., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 against both defendants.

The court entered judgment for H. S. Goldstein n. o. v. Plaintiff appealed.

*Error assigned* was, inter alia, judgment for H. S. Goldstein n. o. v., quoting record.

*Philip N. Shettig,* with him *Albert T. Bauerle,* for appellant.—The court erred in directing judgment n. o. v. for appellee, H. S. Goldstein, there being ample evidence to go to the jury as to his connection with the trespass: Jester v. R. R., 267 Pa. 10; Geiger v. Garrett, 270 Pa. 192; Donovan v. Transit Co., 273 Pa. 152; Thomas v. R. R., 275 Pa. 579.

*J. Russell Leech,* of *Leech & Leech,* and *F. J. Hartman,* for appellee, cited: Decker v. R. R., 39 Pa. Superior Ct. 225; Pittsburgh & Steubenville R. R. v. Gazzam, 32 Pa. 340; Mahoning v. R. R., 83 Pa. Superior Ct. 379; Mardo v. Coal Co., 279 Pa. 209.

OPINION BY MR. JUSTICE WALLING, April 13, 1925:

In June, 1923, one Jack Rider embezzled $700 from his employer, H. S. Goldstein (herein called Goldstein), a storekeeper at Portage, Cambria County, and about the same time forged the latter's name to certain notes, one of which for $900 was cashed by the Mountain City Trust Co., of Altoona. Rider disappeared, but on the morning of August 15, 1923, Goldstein's son, Merl Goldstein (herein called Merl), saw Harry Spencer Bunting in a railway passenger station at Harrisburg and positively, yet mistakenly, identified him as Rider. On such identification and at the earnest request of Merl, a railroad police officer took Bunting into custody, detaining him first at the railroad police office and then at an alderman's office, where Merl swore out a fugitive warrant for his detention. About the time Bunting was

first detained, Merl telephoned his brother Abe at their father's store in Portage about the discovery and detention of Rider. On learning of this, the father concluded to go to Harrisburg and see if the man detained there was Rider; and, on communication with the Mountain City Trust Co., it was decided to send with him Altoona's chief of police (herein called the chief), who held a warrant, which the trust company had previously placed in his hands for Rider's arrest. Bunting, a highly reputable citizen of Philadelphia, displayed cards and called two acquaintances to establish his identity. The railroad police officer thought the proof sufficient, but, on Merl's insistence, left Bunting in custody of the alderman, who took him to lunch. Meantime the chief and Goldstein had arrived and the latter, on seeing Bunting, said, "That is the man," meaning Rider. Thereupon, the chief read the warrant to Bunting and spoke about taking him to Altoona, but did not in fact place him under arrest. About this time a finger print test demonstrated the mistake and Bunting was discharged by the alderman, after having been detained, but not locked up, for about seven hours. Thereafter he brought this suit against Goldstein and his son Merl for false imprisonment and recovered a verdict; judgment was entered thereon against Merl, but in favor of Goldstein, non obstante veredicto, and therefrom plaintiff has appealed.

Merl's rash conduct, persisted in despite ample proof, justified the jury in finding against him, but we agree with the trial court that the evidence did not support the conclusion that Goldstein participated therein. He had been shamefully treated and it was natural he should desire to see the guilty party apprehended; but, while Merl was a clerk in his father's store, the evidence was not sufficient to support a finding that the father employed the son to assist in the capture of Rider. The father was not liable for the acts of the son unless he had authorized them, and the burden of proving such au-

thorization was upon the plaintiff. He who would hold one for the acts of another must prove the agency and its scope, which cannot be done by the declarations of the agent (Mahoning V. B. Co. v. Balt. & O. R. R. Co., 83 Pa. Superior Ct. 379), but may by his testimony. Here, however, the testimony of the alleged agent, and there was no other, failed to establish an agency. True, one or two answers in Merl's cross-examination might seem to support that contention, but his other answers were directly to the contrary, and taking his testimony as a whole it failed to establish an agency. Merl said in one answer he was acting for himself and his father but did not say the latter had authorized him to do so; and in other answers he said his father had nothing to do with it. The rule that it is for the jury to reconcile the conflicting evidence of a witness does not apply where the only evidence in support of an affirmative fact is that of one who so contradicts himself as to render a finding of the fact thereon a mere guess. As stated by Justice MITCHELL, speaking for the court, in Ely v. Railway, 158 Pa. 233, 238 : "Had the testimony referred to a subject as to which the burden of proof was on the plaintiff, the result might have been different, for the court is not entitled to submit evidence which will merely enable a jury to guess at a fact in favor of a party who is bound to prove it." See also Zenzil et al. v. Del., Lack. & W. R. R. Co., 257 Pa. 473, 477, 478. Where the burden of proof is on the other side as, for example, on the defendant to show contributory negligence, the rule is different; there plaintiff's case is for the jury although his evidence on that question is conflicting: Ely v. Railway, supra, and other cases. The testimony denying the agency was supported by circumstances. Goldstein had not secured a warrant for, nor, so far as appears, taken any step toward Rider's arrest, and the meeting of Bunting and Merl in Harrisburg was accidental, when the latter was there on a private errand of his own. There was nothing to show that Goldstein, with knowledge of the facts,

ratified the action of his son; hence, that question could not have been submitted to the jury: Pittsburgh, etc., Railroad Co. v. Gazzam, 32 Pa. 340; Sword v. Reformed Congregation, 29 Pa. Superior Ct. 626.

Aside from the question of agency, there was an utter lack of proof to connect Goldstein with the false imprisonment in question. He was over a hundred miles away when the arrest was made, was not at the store when Merl called up, and did not communicate with him that day until he reached Harrisburg; hence, in the absence of an agency, Goldstein could not be involved in the matter until that time. Under the circumstances his going to Harrisburg with the chief to assist in identifying the party under arrest was not wrongful; and certainly he is not amenable for a mere mistake in identity, not acted upon, for he did not request the further detention of plaintiff. The chief was not Goldstein's agent, but that of the trust company, whose warrant he held; moreover, plaintiff was never taken into custody nor detained on that warrant. This is apparent, for the alderman's discharge, which liberated Bunting, was from the fugitive warrant only. In fact Goldstein's trip to Harrisburg, with the chief, who had a copy of Rider's finger prints, tended to end the detention.

The arrest and detention were most unfortunate, but the evidence failed to establish Goldstein's responsibility therefor at any stage of the proceedings. To be responsible for an arrest or detention one must cause or participate therein: Decker v. Lackawanna, etc., R. R. Co., 39 Pa. Superior Ct. 225.

The assignments of error are overruled and the judgment is affirmed.