## McCLELLAND v. MOODY CORPORATION.
### No. 6112.

Circuit Court of Appeals, Fifth Circuit.
Dec. 2, 1931.

842

Clayton L. Orn, of Fort Worth, Tex., and J. M. Wagstaff, of Abilene, Tex., for appellant.

J. J. Butts, of Cisco, Tex., and H. T. McGown and L. B. Otey, both of Fort Worth, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

Appellant sued to recover damages for appellee's failure to drill an oil well deeper than it was drilled under a contract between the parties. The trial court directed a verdict for appellee at the close of all the evidence, and its action in doing so is assigned as error.

The original contract, which was in writing, recited that appellee was lessee under an oil and gas lease executed by appellant, was under an implied obligation to drill a well to offset Dyer well No. 2 on the adjoining Dyer tract, and was desirous of changing the location of that well from north to south of McClelland No. 1; and provided, in consideration of appellant's consent to the change of location, that appellee would begin to drill a well to the south of McClelland No. 1 on or before a certain date, and continue the drilling with reasonable diligence. The contract did not specify the depth of the well so agreed upon, but in his petition, as finally amended, appellant alleged that the well was to be deep enough to test all known producing oil and gas sands in the immediate vicinity, and as deep as Dyer No. 1; and further that appellee agreed to drill to a depth of 3950 feet unless oil or gas should be found in paying quantities at a less depth.

The well in question was drilled within the time limit to a depth of 3,840 feet without striking oil or gas. It was impossible to sink it deeper because the pipe parted and the tools were lost. The depth of Dyer No. 2 was originally 3,876, but that well was plugged back to 3,650 feet. Dyer No. 1 to the south of it, and opposite McClelland No. 1, was drilled 3,851 feet deep, but was plugged back to 3,600 feet. In each of the Dyer wells the producing stratum was reached at not exceeding 3,843 feet, and was about five feet higher in the well in question, or 3,838 feet. According to appellant's own evidence water was found in that well before the drilling was interrupted, indicating that it was nonproductive of oil or gas. The experts for appellant as well as those for appellee agreed in the conclusion that the Dyer pay or producing stratum had been thoroughly tested and that neither oil nor gas would have been found at a lower level. The contention that drilling should have been continued to a depth of 3,950 feet was not advanced by appellant until his petition had been twice amended, and it is uncertain from his testimony whether appellee ever agreed to drill deeper than the Dyer wells. In this uncertainty the contract as written must govern, since to discard it would be to enter the realm of speculation. Bunting v. Goldstein, 283 Pa. 356, 129 A. 99. That contract is silent as to the depth of the well, but it is apparent from its recitations that the well agreed upon was to be substituted for an offset well whose depth need not have been greater than that of Dyer well No. 2, which was 3,650 feet. The object of the contract, which was to reach the Dyer pay, was accomplished; and according to the undisputed testimony there was nothing to be gained by drilling the well deeper. And so there was no error in directing a verdict for appellee. It therefore becomes unnecessary to consider what the measure of damages would be if appellee had agreed to drill to a greater depth.

The judgment is affirmed.