Sebastianelli et vir. *v.* Cleland Simpson Company,
Appellant.
Mashe et vir. *v.* Same.
Ceccoli et vir. *v.* Same.

Argued March 1, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Don Reifsnyder,* with him *Ralph W. Rymer* and *James K. Peck,* for appellant.

*L. D. Savige,* with him *James G. Colleran,* for appellees.

OPINION BY HIRT, J., April 16, 1943:

These actions, brought by plaintiffs for damages resulting from assaults by alleged detectives in the employ of defendant and for false imprisonment, were tried together. The jury found in favor of each of the plaintiffs. They are satisfied with the moderate verdicts and defendant does not ask for a new trial. Defendant's assignments of error all go to the refusal to enter judgments n.o.v., raising the single question whether plaintiffs have met the burden upon them (*Dobbs, Exr. v. Zink,* 290 Pa. 243, 138 A. 758) of proving that defendant's employees, in the conduct in question, were acting within the scope of their employment.

Defendant owns and operates the "Globe Store," a department store on Wyoming Avenue in Scranton. Mary Sebastianelli and Helen Ceccoli are sisters; Nellie Mashe is their mother. About 4 P.M. on November 23, 1940, they parked an automobile nearby and entered the store together. Mrs. Mashe was carrying Mrs. Ceccoli's two-year-old daughter. Mrs. Sebastianelli had a shopping bag. As to their conduct in the store and what occurred later, we are bound to accept their testimony in view of the verdicts. They spent about ten minutes walking about, inspecting merchandise, but did not buy anything. They were especially interested in clocks and were suspected of having taken one of them from a counter on the main floor. When they left the Globe store they crossed Wyoming Avenue

to the store of the Scranton Dry Goods Company. There they went to "Toyland" on the fifth floor and bought a twenty-five cent doll for the child. They remained in this store until closing time at 5:30, when they left by the Lackawanna Street exit and walked to Wyoming Avenue, in the direction of their automobile. Mrs. Sebastianelli and Mrs. Mashe crossed at the intersection but Mrs. Cecolli, somewhat in their rear, was stopped at the curb by a traffic light. She was then accosted by Myrtle Jackson and Louise Evans for whose conduct plaintiffs charge the defendant with liability. They seized her and dragged her across the street and there accused all three plaintiffs of shoplifting. They forced plaintiffs into a side street and searched their persons against their will and inflicted injuries in varying degree on all of the plaintiffs. Mrs. Ceccoli was pregnant and later suffered a miscarriage as a result. Mrs. Sebastianelli and Mrs. Ceccoli, after the assault, returned to their automobile. Mrs. Mashe was taken through the rear door into the Globe Store. The police were summoned and she was forced into a patrol wagon. She was taken to the city jail where she was confined for the night and until the following afternoon when she was discharged without a hearing. No stolen goods were found in possession of any of the plaintiffs.

Myrtle Jackson and Louise Evans, called by plaintiffs, testified that they were employees of the defendant but their testimony ended there; they were not questioned as to the nature of their duties, the extent of their authority or the scope of their employment. Their testimony was competent to establish the fact of agency. *Bunting v. Goldstein*, 283 Pa. 356, 129 A. 99; *Barrilo v. Frank*, 116 Pa. Superior Ct. 461, 177 A. 58.

With the fact of employment established, there are circumstances which, viewed as a whole in continuous sequence, presented a question of fact for the jury in these cases as to the scope of the employment. Where

the hiring is not limited by any writing it is often difficult for a plaintiff to prove the extent of the authority of an agent. Often this proof must rest upon the attending circumstances and the acts of the agent in relation to the business of the employer. Not only the fact of agency but its scope may be established by circumstantial evidence. *Carpinelli v. Reading Co.*, 306 Pa. 80, 158 A. 867; *Jann v. Linton's Lunch*, 150 Pa. Superior Ct. 653, 29 A. 2d 219. *Orr v. Wm. J. Burns Det. Agency*, 337 Pa. 587, 12 A. 2d 25, recognizes and applies the principle that: "Since the scope of the servant's employment is necessarily dependent on circumstances, a hard and fast rule cannot be laid down as to the scope of any particular employment; and it is ordinarily a question for the jury whether or not a particular act comes within the scope of a servant's employment." The conduct of the two women was that of servants charged with the apprehension of shoplifters. Their technique, except when they stepped out of bounds, was that of department store detectives. They did not accost the plaintiffs in the store where plausible excuse might have been made for the possession of goods, but followed them from the premises and then searched them for merchandise which they suspected was stolen from defendant's store. Though the store was closed for the day they had access to it through the rear door and forced Nellie Mashe to accompany them there to the office of a Mr. McCormick who apparently was in a position of some authority in the management of the store. (On cross-examination of Mrs. Mashe he was referred to as the "manager," without objection.) After a conference with him, the police patrol was summoned and both women employees accompanied Mrs. Mashe to the police station.

In the light of the circumstances and the admission that the women were agents of defendant, it was

competent to receive in evidence their declarations made at the time when the assault was committed. Nellie Mashe testified that they said: "We are the Globe Detectives" and that they told a policeman in her presence: "We were following these people all day." Plaintiffs were entitled to the benefit of this evidence. The fact of agency cannot be proved by the declaration of an alleged agent nor by his unauthorized acts done without the knowledge of the principal but "where some evidence of agency has been given, it is competent to give in evidence the acts and declarations of the alleged agent [made at the time the acts were committed] *respecting the subject matter of his authority."* (Italics added.) *Central Pennsylvania Telephone Co. v. Thompson,* 112 Pa. 118, 3 A. 439, citing *Stewartson v. Watts,* 8 W. 392. *Stewart v. Climax Road Machine Co.,* 200 Pa. 611, 50 A. 1119; *Singer Mfg. Co. v. Christian,* 211 Pa. 534, 60 A. 1087; *Fee v. Adams Express Co.,* 38 Pa. Superior Ct. 83. Other authorities are discussed in *Campbell v. G. C. Murphy Co.,* 122 Pa. Superior Ct. 342, 186 A. 269. "Whenever the act of an agent is admissible in evidence, it is competent to prove what he said about the act while he was doing it": *Jordan v. Stewart,* 23 Pa. 244.

It is established by the verdicts that the women who committed the assault were detectives in the employ of defendant. The defendant therefore is liable although its servants in the course of their employment abused their authority and their acts went beyond the bounds of propriety. The rule is: "It is in general sufficient to make the master responsible, that he gave to the servant an authority, or made it his duty, to act in respect to the business in which he was engaged when the wrong was committed, and that the act complained of was done in the course of his employment. The master in that case will be deemed to have consented to and authorized the act of the servant,

and he will not be excused from liability, although the servant abused his authority, or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master's orders. The master who puts the servant in a place of trust or responsibility, and commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another." *Orr v. Wm. J. Burns Det. Agency,* supra, (quoting *Rounds v. Delaware, Lackawanna & Western R. R. Co.,* 64 N. Y. 129) ; *Pilipovich v. Pittsburgh Coal Co.,* 314 Pa. 585, 172 A. 136; *Farneth v. Commercial Credit Co.,* 313 Pa. 433, 169 A. 89; *Williams v. F & W. Grand Stores, Inc.,* 273 Pa. 131, 116 A. 652; *McLaughlin v. Singer S. Machine Co.,* 75 Pa. Superior Ct. 533; *Kelly v. Yount,* 135 Pa. Superior Ct. 528, 7 A. 2d 582.

We are unable to find substantial merit in any of the assignments of error.

Judgments affirmed.