Stern *v.* Dekelbaum, Appellant.

Argued October 6, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*I. Herbert Rothenberg*, with him *Morris Shafritz*, for appellant.

*Simon Pearl*, with him *Harry A. Rutenberg*, for appellee.

OPINION BY KELLER, P. J., November 10, 1943:

This was an action in assumpsit brought by the plaintiff, trading as Stern Live Fish Company, to recover for fish sold and delivered to the defendant.

The plaintiff's statement averred, in substance, that the fish set forth in the exhibit attached thereto,—said to be a correct copy taken from the plaintiff's books of original entry—amounting to $494.60, had been delivered to the defendant at his oral instance and request, on the dates therein set forth, and accepted by him, and that no payments had been made by him on account of them.

The defendant, in his affidavit of defense, in substance, denied having had any business dealings with the *plaintiff*, trading as Stern Live Fish Company, or that she had carried on business under that trade name, or was so known. He admitted having dealt with said Stern Live Fish Company, through one Herman Shmukler, acting as the duly authorized agent and partner for said Stern Live Fish Company, and that said Herman Shmukler so acting had sold and delivered fish to him; and he averred that he had paid said Herman Shmukler, so acting for Stern Live Fish Company, for all the fish so sold and delivered to him, and

that no sums whatsoever were due and owing by him for the fish sold and delivered as set forth in the plaintiff's statement of claim and exhibit thereto.

While the affidavit of defense might well have been more specific and definite than it was, it certainly denied that the defendant had had any business dealings with the plaintiff personally, and averred that all his purchases from the Stern Live Fish Company had been made through Herman Shmukler, acting as the duly authorized agent of said Stern Live Fish Company, and that he had paid Shmukler, acting as such agent, for all the fish so purchased by him. The fact that he also alleged that Shmukler acted as a *partner* did not destroy the effectiveness of his averment that he dealt with Shmukler as the duly authorized agent of the Stern Live Fish Company.

The effect of his insufficient denial of the plaintiff's averment of the sale and delivery to him of the fish, set forth in the exhibit attached to the statement of claim and alleged to be a correct copy of the plaintiff's books of original entry, was to permit the introduction of the exhibit attached to the statement as evidence of the sale and delivery of the fish, instead of requiring the plaintiff to produce her books in court, or otherwise prove the transactions. But it did not amount to such an admission of the sale and delivery as would prevent the defendant from presenting his defense, which was, in effect, that all the fish he had received from the Stern Live Fish Company he had bought from Herman Shmukler, as agent of the seller, and that he had paid Shmukler, as such agent, for all the fish he had bought.

This raised issues of fact to be tried, to wit, whether defendant had bought the fish from Shmukler, acting as the agent for Stern Live Fish Company, and had paid him for them. If he had, he owed nothing to the plaintiff. It was not alleged in the plaintiff's statement

that she personally sold the fish to defendant. If she sold them through an agent acting for her in said business, the defendant had a right to prove the transaction, and that he had paid for them, if such was the fact.

On the trial the plaintiff offered in evidence the averments of the plaintiff's statement, claiming that they were insufficiently denied; and also the fictitious name registration of Florence Stern, trading as Stern Live Fish Company, dated June 15, 1939. The alleged sales to the defendant occurred between February 4 and February 17, 1942.

The defendant was not permitted to get very far in his defense. When, among other offers, all of which were rejected, his counsel called Shmukler himself to prove his agency and authority to act for the plaintiff, the offer was disallowed, apparently, on the theory that his agency and the extent of his authority thereunder could not be proved by the agent himself.

This was a misunderstanding of the well-known rule that agency cannot be established by the *declarations* of the alleged agent (*Central Penna. Telephone Co. v. Thompson*, 112 Pa. 118, 132, 3 A. 439). But the word 'declarations', as used in the rule, means evidence of hearsay statements made by the alleged agent out of court to some person who is called as a witness. It does not exclude the *testimony* of the alleged agent himself, appearing as a witness in court.

The decisions of both appellate courts establish so clearly that an agent may testify in court to the fact of his agency and the extent of his authority as such agent that the current misunderstanding among lawyers and judges should by this time have been cleared up. See *Bunting v. Goldstein*, 283 Pa. 356, 359, 129 A. 99; *Hileman v. Falck*, 263 Pa. 351, 354, 106 A. 633; *Curran v. National Life Ins. Co.*, 251 Pa. 420, 435, 96 A. 1041; *Squire v. Merchants' Warehouse Co.*, 130 Pa. Superior Ct. 8, 13, 14, 196 A. 915; *Barrilo v. Frank*, 116 Pa.

Superior Ct. 461, 464, 177 A. 58; *Vahlsing v. H. Rothstein & Sons,* 107 Pa. Superior Ct. 281, 284, 163 A. 350. "The rule excludes an agent's declarations to prove agency when offered by a third person, but authority may be shown by the agent's own testimony ...... The authority of an agent can always be proved by the agent himself." *Isaac v. Donegal & Conoy Mut. Fire Ins. Co.,* 301 Pa. 351, 354, 152 A. 95.

The case relied on by the appellee on this point, *N. Y. C. & H. R. R. Co. v. Deer Creek Lumber Co.,* 49 Pa. Superior Ct. 453, 461, 463, does not support the exclusion of Shmukler's testimony. In that case it was conceded that one Hills, who had entered into an agreement with the defendants on behalf of the plaintiff railroad company, had been acting for several years as traveling freight agent for the plaintiff, that the defendants had transacted business with him as such agent during that period, and that his authority so to act had never been questioned; so that, in negotiating the contract with defendants he was acting within the scope of his apparent authority. Hills was called in rebuttal only, as a witness for the railroad, and was asked by the *plaintiff's* counsel, "Had you authority to make any such contract as is alleged here by Mr. Allen?" To which he answered, "No, sir". The question and answer were, on motion of defendant's counsel, stricken out, and this court held it was not error to do so. In that case, the principal attempted to *rebut* testimony as to the agent's apparent authority extending over a number of years, by calling the agent himself and having him deny *generally* that he had authority to do what he had actually done. That is not this case. Here the agent was called by the defendant to prove *specifically* the extent of his authority as the plaintiff's agent in the business he was transacting on her behalf, and what he had done under that authority. His first step in the proof of that authority was to testify that he was acting as her agent.

The defendant was not allowed to develop his case sufficiently to enable us to determine whether the other offers which were rejected were admissible or not.

We suggest that on the retrial the defendant should be permitted to get far enough with his offers and testimony that a reviewing court may be able to learn what he is trying to prove, instead of shutting him off on too narrow a construction of his affidavit of defense. This was a trial in court, not a motion for judgment for want of a sufficient affidavit of defense.

We think the trial judge, sitting without a jury, in disposing of the case applied the rules of evidence somewhat too strictly in excluding the defendant's offers of evidence.

The first, second, fourth, fifth, sixth, fifteenth and seventeenth assignments of error are sustained. This does not mean that we overrule the remaining assignments of error. It means only that we do not have sufficient evidence in the record to enable us to pass on those matters.

Judgment reversed, and new trial ordered.