## Janoski Estate

*Rosemary M. Flannery*, of *Wisler, Pearlstine, Talone, Craig & Garrity*, for exceptant.

*Desmond J. McTighe*, of *McTighe, Brown, Weiss, Bonner & Stewart*, contra.

TAXIS, P. J., May 9, 1974.—This matter is now before the court upon exceptions to adjudication dated January 14, 1974, of the account of John Janoski, executor.

Exceptions were filed on behalf of Samuel W. DeMedio, realtor, whose claim in the amount of $900 for real estate commission in connection with the sale of decedent's real estate by decedent's executor was denied by the court's adjudication.

Exceptant contends that the court erred in refusing to admit testimony relative to his authority as agent for the sale of decedent's real estate. In this regard, exceptant argues that an agent may give testimony as to his authority, which, if believed, is sufficient proof as to that authority, and it is only testimony by a third party as to what the agent said concerning his authority which is not admissible: Stern v. Dekelbaum, 153 Pa. Superior Ct. 452, 455. This is a correct statement of the law and was applied with regard to the ruling in question.

The testimony of exceptant, the initial witness at the hearing, was as follows:

"Q. (By Mrs. Flannery) And, Mr. DeMedio, do you recall having a conversation with Stella Janoski relative to this property?

"MR. McTIGHE: I object to that.

"THE COURT: Stella is not a party.

"MRS. FLANNERY: I just established Stella's position.

"THE COURT: Well, Stella is not the executor. She is not a party. She is just the wife of one of the parties. I think that is hearsay.

"MRS. FLANNERY; *Your Honor, if I may have an offer of proof on this, Stella Janoski in this situation acted as an agent for John.*

"THE COURT: As executor?

"MRS. FLANNERY: Yes. She did something at the direction of John, and this is really the whole crux—

"MR. McTIGHE: I will make a further objection, that an agent can't prove their agency.

"THE COURT: Well, I will have to have that proven before I—At this time I will sustain his objection and grant you an exception. Stella is not a party in this at this moment." (Emphasis added.)

In the language of the Stern case, the alleged agent (Stella) could have given testimony as to her authority, but the testimony of a third party (exceptant) as to what the alleged agent (Stella) said concerning her authority is not admissible.

The court in the Stern case acknowledged that "agency cannot be established by the *declarations* of the alleged agent . . . the word 'declarations', as used in the rule, means evidence of hearsay statements made by the alleged agent out of court to some person who is called as a witness . . . [and] does not exclude the *testimony* of the alleged agent himself, appearing

as a witness in court": Stern v. Dekelbaum, supra, at 455. Clearly, exceptant was not permitted to testify as to out-of-court statements of Stella Janoski concerning her authority to act for the executor.

Exceptant further contends that the court erred in failing to find that the executor, by failing to repudiate exceptant's actions in attempting to sell decedent's real estate, ratified such actions, even if such actions were initially unauthorized. Exceptant argues that the executor had the duty to notify exceptant that he should remove his "For Sale" sign if exceptant had placed the sign on the property without authorization. Exceptant has cited no cases to support this proposition and the court has found none. Nor does the court consider this to be the law.

Exceptant also argues that the executor ratified actions of his wife even if such actions were initially unauthorized. But the only testimony as to the executor's knowledge of his wife's alleged activity was the testimony of exceptant concerning telephone conversations with the executor, which were denied by the executor, with the exception of an evening telephone conversation, possibly with exceptant, about signing some kind of papers. Exceptant had testified that he had a detailed telephone conversation with the executor, which took place in the *morning*. But the executor testified that he works daily from 7:30 a.m. to 4 p.m., and sometimes to 6 p.m., and sometimes on Saturday. To confirm exceptant's testimony in this regard, exceptant called one of his secretaries as a witness, but she testified as to telephone conversations between exceptant and the executor which took place in the late afternoon, between 4:30 p.m. and 4:45 p.m. The court, therefore, found such evidence weak, vague and without credit.

In order to obtain a commission, the employment, whether by express or implied contract or by ratification of his conduct, of a broker to obtain a purchaser must be clear, and a broker must sustain the burden of proof that such employment was agreed upon or that his acts were ratified: Lancaster Co. Farmers Nat. Bk. Appeal, 421 Pa. 448, 451. Exceptant has failed to sustain such burden of proof.

Finally, exceptant contends that the court erred in finding that he was not the procuring cause of the sale. The record is abundantly clear that decedent's family had no need for exceptant's services to complete this sale. The entire family was familiar with the property and it had been contemplated that the family would have first opportunity to buy the property. Exceptant's own witness, Mary Janoski, the daughter-in-law of decedent and one of the ultimate purchasers of the property, testified that she had taken care of decedent and her brother practically all her life and that is why she was given first chance to buy the property.

The court rejects exceptant's suggestion that *he* persuaded Mary Janoski to offer $15,000, which was never corroborated by Mary Janoski. The bidding among members of the family was handled directly by the executor and there is no evidence that exceptant even knew that the bidding was taking place. The agreement of sale was ultimately prepared by the attorneys for the executor and settlement was concluded, all without the assistance of exceptant. Accordingly, the court does not consider exceptant as the procuring cause of the sale.

After careful consideration of the arguments and briefs of counsel, all exceptions are dismissed.